UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JANE DOE (a pseudonym), | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: |
| | : | |
| JOHN ROE (a pseudonym), | : | |
| MASSACHUSETTS INSTITUTE | : | |
| OF TECHNOLOGY, | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendants Massachusetts Institute of Technology ("MIT") and John Roe ("Roe") remove this action from the Superior Court of the Commonwealth of Massachusetts for Middlesex County to the United States District Court for the District of Massachusetts. As grounds for removal, MIT and Roe state as follows.

### The Parties and the Nature of the Case

1. Plaintiff Jane Doe formerly was employed by MIT, a private university with its principal place of business in Cambridge, Massachusetts. Roe is an MIT employee who worked with Plaintiff.

2. Plaintiff filed her complaint on May 5, 2023 in the Superior Court of the Commonwealth of Massachusetts, Middlesex County. It was assigned Civil Action No. 2381CV01298. A copy of the complaint is attached at **Exhibit A**.

3. Plaintiff's complaint contains no specific factual allegations. Instead, for her "Statement of Facts," Plaintiff "incorporates by reference" two "Agency Complaints" she previously filed against MIT and Roe: a Charge of Discrimination she filed with the

Massachusetts Commission Against Discrimination ("MCAD") on January 12, 2021, and a Complaint she filed with the Department of Labor ("DOL") on April 13, 2021.  Compl., ¶ 6.

4. Plaintiff's MCAD Charge alleged, among other things, that MIT and Roe engaged in discriminatory and retaliatory practices against Plaintiff in violation of Massachusetts law.

5. Plaintiff's DOL Complaint alleged, among other things, that MIT and Roe engaged in retaliatory employment practices against Plaintiff in violation of the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. §1514A, and Section 1405 of the Taxpayer First Act ("TFA"), 26 U.S.C. §7623(d).

6. Plaintiff's Superior Court complaint alleges that "[s]ubsequent to Plaintiff's filing of the Agency Complaints, Defendants Roe and MIT persisted in engaging in the wrongful acts and conduct as alleged in the Agency Complaints."  Compl., ¶ 7.

7. Plaintiff's Superior Court complaint then alleges in a conclusory fashion that MIT and Roe have discriminated against her on the basis of gender and disability in violation of Massachusetts law (Count One), violated Massachusetts wage and hour laws (Count Two), and retaliated against Plaintiff for complaining about discrimination and other violations of state and federal law (Count Three); that Roe breached fiduciary duties to Plaintiff and an unnamed company of which Plaintiff and Roe allegedly are members, managers, and 50% shareholders (Counts Four and Six) (the complaint contains no Count Five); that Roe fraudulently induced Plaintiff to begin employment at MIT (Count Seven); and that MIT breached its employment contract with Plaintiff (Count Eight).

## Removal Jurisdiction and Venue

8. A civil action filed in state court may be removed to federal district court if at least one of the claims asserted therein "aris[es] under the Constitution, laws, or treaties of the

United States." 28 U.S.C. § 1331; 28 U.S.C. § 1441(a).  Plaintiff alleges violations of federal law in her complaint in several respects.  She incorporates by reference the DOL Complaint in its entirety, which asserts violations of SOX and TFA.  Compl., ¶ 6.  Her complaint asserts that the alleged violations of federal law "persisted" after she filed the DOL Complaint.  *Id*. ¶ 7.  Plaintiff further alleges that MIT and Roe retaliated against her for complaining of violations of those federal laws, a claim which will require the Court to resolve questions of federal law including the public policies behind SOX and the TFA and whether her complaints regarding alleged violations of those statutes constitute protected activity.

9. The Court has supplemental jurisdiction over Plaintiff's state law claims because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a), as Plaintiff's claims all arise from the same alleged conduct that occurred during her employment with MIT.

10. Venue is proper in this Court because this is the federal judicial district and division in which the state court action was filed.  28 U.S.C. § 1441(a).

## Procedural Issues

11. Pursuant to 28 U.S.C. § 1446(a), MIT and Roe have attached copies of all process, pleadings, and orders served upon them in this case.

12. Defendant MIT first received a copy of the Complaint on August 3, 2023, when a copy of the complaint was delivered to it.[1]  Defendant Roe was served with a summons and copy of the complaint on August 3, 2023.

---

[1] As of the date of this filing, proper service has not been made on MIT.

13. This Notice of Removal is timely because it is filed within 30 days of the Defendants' first receipt of the complaint. 28 U.S.C. § 1446(b).

14. The Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for Middlesex County and will serve the notice on Plaintiff in compliance with 28 U.S.C. § 1446(d).

15. Certified copies of the entries in the Superior Court docket will be filed in connection with the Defendants' Local Rule 81.1(a) submission.

16. All defendants consent to the removal of this action. 28 U.S.C. § 1446(b)(2)(A).

August 23, 2023

MASSACHUSETTS INSTITUTE OF TECHNOLOGY and JOHN ROE,

/s/ Daryl J. Lapp
Daryl J. Lapp, BBO# 554980
  daryl.lapp@lockelord.com
Samantha M. Vasques (*pro hac vice pending*)
  samantha.vasques@lockelord.com
LOCKE LORD, LLP
111 Huntington Avenue, 9th Floor
Boston, Massachusetts  02199
617.239.0100

### CERTIFICATE OF SERVICE

I certify that on August 23, 2023, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, as follows:

Jane Doe (a pseudonym) – by electronic and first-class mail

/s/ *Daryl J. Lapp*
Daryl J. Lapp

134338545v.3