# **EXHIBIT A**



CONSTABLE JOSEPH TOPOL
MIDDLESEX COUNTY CONSTABLE
POST OFFICE BOX 311 • CARLISLE • MA 01741

Office General Counsel

MIT

Massachusetts
Federal Credit Union

77 Mass Ave

Room 7-06

Cambridge

RECEIVED BY

AUG 0 3 2023

Office of the General Counsel

TRUE COPY ATTEST

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2281CV03238

███████████ , PLAINTIFF(S),

V.

Massachusetts Institute of Technology
Federal Credit Union , DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO ___Massachusetts Institute of Technology Federal Credit Union___ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the ___Middlesex County Superior___ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Middlesex County Court, Superior 200 Trade Center, 2nd floor (address), by mail or in person, **AND** Woburn, MA 01801
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: ___█████████████___

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.   **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi Brieger, Chief Justice on _____November 30_____, 20 22 .

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____November 30___, 20 22 , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____ , 20 ____      Signature: _____

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

8/3/23 , 20 23

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                                      SUPERIOR COURT
                                                       CIVIL ACTION NO. _____

---

JANE DOE (a pseudonym),

       Plaintiff

v.

JOHN ROE (a pseudonym),
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

       Defendants.

---

### COMPLAINT AND JURY DEMAND

Plaintiff Jane Doe[1] ("Plaintiff") brings this action against Defendants Massachusetts Institute of Technology ("MIT" or "Defendant MIT") and John Roe[1] ("Roe" or "Defendant Roe") and respectfully alleges as follows:

### PARTIES

1.     Plaintiff, Jane Doe, is an individual who, during the time periods relevant to this complaint, was both an employee of Defendant MIT, where she was supervised by Defendant Roe, and a partner in a separate business venture with Defendant Roe ("the Company"). At the time of filing this complaint, Plaintiff resides in Bellingham, Washington.

2.     Defendant MIT is an educational institution with its principal place of business at 77 Massachusetts Avenue in Cambridge, Massachusetts.

---

[1] Jane Doe is filing a Motion to Proceed under Pseudonym to accompany the filing of this Complaint.

1

3.      Defendant Roe is an individual who, during the time periods relevant to this complaint, during the time periods relevant to this complaint, was both an employee of Defendant MIT, where he was the direct supervisor of Plaintiff, and a partner in the Company, a separate business venture with Plaintiff. Upon information and belief, at the time of filing this complaint, Defendant Roe resides in Vermont.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to M.G.L. c. 212, § 4, because the amount in controversy exceeds twenty-five thousand dollars ($25,000), exclusive of interest and costs, and the claims asserted involve alleged violations of Massachusetts state laws.

5.      Venue is proper in this Court pursuant to M.G.L. c. 223, § 1, because the Defendants reside, have a principal place of business, or committed the alleged wrongful acts within the County where this Court is located. Specifically, MIT is a university located in Cambridge, Massachusetts, which is within Middlesex County, and the events giving rise to this action occurred within the County.

## STATEMENT OF FACTS

6.      Plaintiff incorporates by reference the Charge of Discrimination filed with the Massachusetts Commission Against Discrimination on January 12, 2021, and the Complaint filed with the Department of Labor on Apri l3, 2021 (collectively, "the Agency Complaints").

7.      Subsequent to Plaintiff's filing of the Agency Complaints, Defendant Roe and MIT persisted in engaging in the wrongful acts and conduct as alleged in the Agency Complaints.

## LEGAL CLAIMS

## COUNT ONE

**(Violation of Massachusetts Discrimination Laws)**

8.      Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

9.      Defendants engaged in unlawful discriminatory practices against Plaintiff based on gender and disability, violating Massachusetts laws governing employment discrimination and discrimination applicable outside of employment (i.e., M.G.L. c. 93, § 102), and Defendants continue to do so.

10.     As a result of Defendants' unlawful discriminatory practices, Plaintiff has suffered damages, including but not limited to lost wages, physical sickness, emotional distress, business losses, and harm to professional reputation.

**COUNT TWO**

**(Violation of Massachusetts Wage and Hour Laws)**

11.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

12.     Defendant violated Massachusetts wage and hour laws, including by misclassifying the Plaintiff as an independent contractor, failing to timely pay wages, and failing to provide benefits normally afforded to MIT employees.

13.     As a result of Defendants' violation of Massachusetts wage and hour laws, Plaintiff has suffered damages, including but not limited to late-paid wages, unpaid wages, and the loss of the value of employment benefits normally afforded to MIT employees.

**COUNT THREE**

**(Retaliation)**

3

14.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

15.     Defendants retaliated against Plaintiff for engaging in protected activity, such as complaining about discrimination and complaining about other violations of law, in violation of Massachusetts retaliation laws and public policy.

16.     As a result of Defendant's retaliatory actions, Plaintiff has suffered damages, including but not limited to lost wages, physical sickness, emotional distress, business losses, and harm to their professional reputation.

## COUNT FOUR

### (Breach of Fiduciary Duty by Defendant Roe)

17.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

18.     Defendant Roe owed Plaintiff a fiduciary duty in their joint venture and/or business relationship.

19.     Defendant Roe breached that fiduciary duty, by engaging in conflicted roles, self-dealing, interfering in prospective advantageous business relationships, making false statements relied on by Plaintiff and others, and/or failing to act in the best interest of the joint venture and Plaintiff.

20.     As a result of Defendant Roe's breach of fiduciary duty, Plaintiff has suffered damages, including but not limited to lost profits, harm to their professional reputation, and emotional distress.

## COUNT SIX

### (Derivative Claim for Breach of Fiduciary Duty by Defendant Roe)

4

21.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

22.     Plaintiff brings this action derivatively on behalf of the Company.

23.     Defendant Roe owed the Company a fiduciary duty in their capacity as member, manager and 50% shareholder of the Company.

24.     Defendant Roe breached that fiduciary duty by engaging in conflicted roles, self-dealing, interfering in prospective advantageous business relationships, and/or failing to act in the best interest of the Company.

25.     As a result of Defendant Roe's breach of fiduciary duty, the Company has suffered damages, including but not limited to lost profits, harm to its reputation, and potential legal liabilities.

26.     Plaintiff has standing to bring this derivative action because they are a member, manager, and 50% shareholder of the Company and has been so throughout the relevant time period.

27.     Plaintiff has taken appropriate steps to demand that the Defendant Roe address the breach of fiduciary duty, but those attempts have failed and Plaintiff has determined that such attempts are futile due to Defendant Roe's conflicts of interest, necessitating this derivative action.

**COUNT SEVEN**

**(Fraudulent Inducement)**

28.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

5

29.     Between about May 2019 and January 2020, Defendant Roe made false representations of material facts to Plaintiff with the intent to induce Plaintiff to rely on those representations, including among other misrepresentations that Defendant Roe had the authority to offer Plaintiff the particular MIT job description, conditions of employment, and compensation package that he did.

30.     Plaintiff reasonably relied on Defendant Roe's false representations in joining MIT around August 2019. Plaintiff discovered the fraud when Defendant Roe admitted to making the misrepresentations.

31.     As a result of Defendant Roe's fraudulent inducement, Plaintiff has suffered damages, including but not limited to lost profits, harm to her professional reputation, and emotional distress.

**COUNT EIGHT**

**(Breach of Contract by Defendant MIT)**

32.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

33.     Plaintiff was employed by Defendant MIT and subject to MIT's employment policies and procedures, which formed a part of the employment contract between Plaintiff and Defendant MIT. Additionally, Plaintiff was a third-party beneficiary to MIT's employment policies and procedures because, for example, the policies met MIT's non-discrimination requirements as a federal contractor intended to benefit all workers.

34.     Defendant MIT's policies and procedures required the good faith investigation and remedy of any complaints of retaliation and discrimination raised by employees, such as Plaintiff.

35.     Plaintiff raised concerns and complaints regarding retaliation and discrimination to Defendant MIT, which Defendant MIT failed to adequately investigate and remedy, in violation of its own policies and procedures.

36.     As a result of Defendant MIT's breach of contract, Plaintiff has suffered damages, including but not limited to lost wages, physical sickness, emotional distress, business losses, and harm to their professional reputation.

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants Roe and MIT;

B. Award Plaintiff damages for lost business opportunities, lost profits, and other compensatory damages resulting from the alleged claims;

C. Award Plaintiff damages for emotional distress and physical sickness resulting from the alleged claims;

D. Award Plaintiff punitive, exemplary, and treble damages, if applicable;

E. Award Plaintiff prejudgment and post-judgment interest on all amounts awarded;

F. Award Plaintiff reasonable attorney's fees and costs;

G. Issue an injunction ordering Defendant MIT to implement and enforce policies, procedures, and training programs aimed at eliminating and preventing the systemic issues that caused and perpetuated the alleged misconduct, including but not limited to, promoting equal opportunity, preventing discrimination and retaliation, and ensuring compliance with relevant laws and regulations; and

H. Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

## **VERIFICATION**

I, Jane Doe, under the pains and penalties of perjury, hereby depose and say that I am the Plaintiff in the above captioned action and that I have read the allegations in the foregoing Verified Complaint and, as to each statement of fact alleged therein, I hereby affirm and verify that I have actual knowledge of each such fact and that such fact is true, except as to matters specifically alleged on information and belief, which I believe to be true.

Signed under the pains and penalties of perjury on this 4th day of May, 2023.

Dated: May 4, 2023

Respectfully submitted,

Plaintiff,

Jane Doe

*s/ Jane Doe*

# Commonwealth of Massachusetts

No. ___2381CV01298___      B

### Motion for Appointment as Special Process Server and Order of Appointment

In accordance with the provisions of Rule 4c of the M.R.C.P., the undersigned hereby Motions this Honorable Court for the appointment of:

<u>Joseph Topol</u>

(Name of Appointee)

as process server in the above entitled action. The undersigned swears that to the best of his (her) knowledge and belief the person to be appointed process server is a Constable who is experienced in the service of process, is 18 years of age or over and is not a party to this action.

<u>Jane Doe</u>                          /s/ pp Jane Doe

Name of Affiant for Pltf.              Signature

<u>scma.case@gmail.com</u>

Email Address for Pltf.

### Order Appointing Special Process Server

The foregoing Motion is allowed and pursuant to Rule 4c of the M.R.C.P. IT IS ORDERED that:

<u>Joseph Topol</u>

(Name of Appointee)

is herby appointed as Special Process Server in the above entitled action.

8/2/23   Motion Allowed

Attest:

Deputy Assistant Clerk

Gibis            J.)

By: _____

Justice

# Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2381CV01298

██████████ Jane Doe , PLAINTIFF(S),

V.

██████████ Massachusetts Institute of Technology,
John Roe , DEFENDANT(S)



**SUMMONS**

THIS SUMMONS IS DIRECTED TO ██████████ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the ___Middlesex County Superior___ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Middlesex County Court, 200 Trade Center, 2nd floor (address), by mail or in person, **AND**
   Woburn, MA 01801
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: ██████████

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.   **Legal Assistance.** You may wish to get legal help from a lawyer.  If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi Brieger, Chief Justice on _____ August 3 , 20 23 .

_Michael A. Sullivan_
Michael A. Sullivan
Clerk-Magistrate

Note:  The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ August 3 , 20 23 , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

left a copy at 2003 Hale Hollow Rd, Plymouth, VT 05056

Dated: _____ August 3 , 20 23       Signature: _____

N.B.     TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

August 3 , 20 23

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT

CIVIL ACTION NO. 2381CV01298

JANE DOE (a pseudonym),

        Plaintiff

v.

JOHN ROE (a pseudonym),
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

        Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff Jane Doe[1] ("Plaintiff") brings this action against Defendants Massachusetts Institute of Technology ("MIT" or "Defendant MIT") and John Roe[1] ("Roe" or "Defendant Roe") and respectfully alleges as follows:

## PARTIES

1.    Plaintiff, Jane Doe, is an individual who, during the time periods relevant to this complaint, was both an employee of Defendant MIT, where she was supervised by Defendant Roe, and a partner in a separate business venture with Defendant Roe ("the Company"). At the time of filing this complaint, Plaintiff resides in Bellingham, Washington.

2.    Defendant MIT is an educational institution with its principal place of business at 77 Massachusetts Avenue in Cambridge, Massachusetts.

---

[1] Jane Doe is filing a Motion to Proceed under Pseudonym to accompany the filing of this Complaint.

3.     Defendant Roe is an individual who, during the time periods relevant to this complaint, during the time periods relevant to this complaint, was both an employee of Defendant MIT, where he was the direct supervisor of Plaintiff, and a partner in the Company, a separate business venture with Plaintiff. Upon information and belief, at the time of filing this complaint, Defendant Roe resides in Vermont.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action pursuant to M.G.L. c. 212, § 4, because the amount in controversy exceeds twenty-five thousand dollars ($25,000), exclusive of interest and costs, and the claims asserted involve alleged violations of Massachusetts state laws.

5.     Venue is proper in this Court pursuant to M.G.L. c. 223, § 1, because the Defendants reside, have a principal place of business, or committed the alleged wrongful acts within the County where this Court is located. Specifically, MIT is a university located in Cambridge, Massachusetts, which is within Middlesex County, and the events giving rise to this action occurred within the County.

## STATEMENT OF FACTS

6.     Plaintiff incorporates by reference the Charge of Discrimination filed with the Massachusetts Commission Against Discrimination on January 12, 2021, and the Complaint filed with the Department of Labor on Apri l3, 2021 (collectively, "the Agency Complaints").

7.     Subsequent to Plaintiff's filing of the Agency Complaints, Defendant Roe and MIT persisted in engaging in the wrongful acts and conduct as alleged in the Agency Complaints.

## LEGAL CLAIMS

## COUNT ONE

2

**(Violation of Massachusetts Discrimination Laws)**

8.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

9.   Defendants engaged in unlawful discriminatory practices against Plaintiff based on gender and disability, violating Massachusetts laws governing employment discrimination and discrimination applicable outside of employment (i.e., M.G.L. c. 93, § 102), and Defendants continue to do so.

10.   As a result of Defendants' unlawful discriminatory practices, Plaintiff has suffered damages, including but not limited to lost wages, physical sickness, emotional distress, business losses, and harm to professional reputation.

**COUNT TWO**

**(Violation of Massachusetts Wage and Hour Laws)**

11.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

12.   Defendant violated Massachusetts wage and hour laws, including by misclassifying the Plaintiff as an independent contractor, failing to timely pay wages, and failing to provide benefits normally afforded to MIT employees.

13.   As a result of Defendants' violation of Massachusetts wage and hour laws, Plaintiff has suffered damages, including but not limited to late-paid wages, unpaid wages, and the loss of the value of employment benefits normally afforded to MIT employees.

**COUNT THREE**

**(Retaliation)**

14. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

15. Defendants retaliated against Plaintiff for engaging in protected activity, such as complaining about discrimination and complaining about other violations of law, in violation of Massachusetts retaliation laws and public policy.

16. As a result of Defendant's retaliatory actions, Plaintiff has suffered damages, including but not limited to lost wages, physical sickness, emotional distress, business losses, and harm to their professional reputation.

## COUNT FOUR

### (Breach of Fiduciary Duty by Defendant Roe)

17. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

18. Defendant Roe owed Plaintiff a fiduciary duty in their joint venture and/or business relationship.

19. Defendant Roe breached that fiduciary duty, by engaging in conflicted roles, self-dealing, interfering in prospective advantageous business relationships, making false statements relied on by Plaintiff and others, and/or failing to act in the best interest of the joint venture and Plaintiff.

20. As a result of Defendant Roe's breach of fiduciary duty, Plaintiff has suffered damages, including but not limited to lost profits, harm to their professional reputation, and emotional distress.

## COUNT SIX

### (Derivative Claim for Breach of Fiduciary Duty by Defendant Roe)

4

21.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

22.     Plaintiff brings this action derivatively on behalf of the Company.

23.     Defendant Roe owed the Company a fiduciary duty in their capacity as member, manager and 50% shareholder of the Company.

24.     Defendant Roe breached that fiduciary duty by engaging in conflicted roles, self-dealing, interfering in prospective advantageous business relationships, and/or failing to act in the best interest of the Company.

25.     As a result of Defendant Roe's breach of fiduciary duty, the Company has suffered damages, including but not limited to lost profits, harm to its reputation, and potential legal liabilities.

26.     Plaintiff has standing to bring this derivative action because they are a member, manager, and 50% shareholder of the Company and has been so throughout the relevant time period.

27.     Plaintiff has taken appropriate steps to demand that the Defendant Roe address the breach of fiduciary duty, but those attempts have failed and Plaintiff has determined that such attempts are futile due to Defendant Roe's conflicts of interest, necessitating this derivative action.

## COUNT SEVEN

### (Fraudulent Inducement)

28.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

5

29.    Between about May 2019 and January 2020, Defendant Roe made false representations of material facts to Plaintiff with the intent to induce Plaintiff to rely on those representations, including among other misrepresentations that Defendant Roe had the authority to offer Plaintiff the particular MIT job description, conditions of employment, and compensation package that he did.

30.    Plaintiff reasonably relied on Defendant Roe's false representations in joining MIT around August 2019. Plaintiff discovered the fraud when Defendant Roe admitted to making the misrepresentations.

31.    As a result of Defendant Roe's fraudulent inducement, Plaintiff has suffered damages, including but not limited to lost profits, harm to her professional reputation, and emotional distress.

## COUNT EIGHT

### (Breach of Contract by Defendant MIT)

32.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

33.    Plaintiff was employed by Defendant MIT and subject to MIT's employment policies and procedures, which formed a part of the employment contract between Plaintiff and Defendant MIT. Additionally, Plaintiff was a third-party beneficiary to MIT's employment policies and procedures because, for example, the policies met MIT's non-discrimination requirements as a federal contractor intended to benefit all workers.

34.    Defendant MIT's policies and procedures required the good faith investigation and remedy of any complaints of retaliation and discrimination raised by employees, such as Plaintiff.

6

35. Plaintiff raised concerns and complaints regarding retaliation and discrimination to Defendant MIT, which Defendant MIT failed to adequately investigate and remedy, in violation of its own policies and procedures.

36. As a result of Defendant MIT's breach of contract, Plaintiff has suffered damages, including but not limited to lost wages, physical sickness, emotional distress, business losses, and harm to their professional reputation.

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants Roe and MIT;

B. Award Plaintiff damages for lost business opportunities, lost profits, and other compensatory damages resulting from the alleged claims;

C. Award Plaintiff damages for emotional distress and physical sickness resulting from the alleged claims;

D. Award Plaintiff punitive, exemplary, and treble damages, if applicable;

E. Award Plaintiff prejudgment and post-judgment interest on all amounts awarded;

F. Award Plaintiff reasonable attorney's fees and costs;

G. Issue an injunction ordering Defendant MIT to implement and enforce policies, procedures, and training programs aimed at eliminating and preventing the systemic issues that caused and perpetuated the alleged misconduct, including but not limited to, promoting equal opportunity, preventing discrimination and retaliation, and ensuring compliance with relevant laws and regulations; and

H. Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

7

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

### VERIFICATION

I, Jane Doe, under the pains and penalties of perjury, hereby depose and say that I am the Plaintiff in the above captioned action and that I have read the allegations in the foregoing Verified Complaint and, as to each statement of fact alleged therein, I hereby affirm and verify that I have actual knowledge of each such fact and that such fact is true, except as to matters specifically alleged on information and belief, which I believe to be true.

Signed under the pains and penalties of perjury on this 4th day of May, 2023.

Dated: May 4, 2023

Respectfully submitted,

Plaintiff,

Jane Doe

*s/ Jane Doe*

8