**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**Woburn**

**Civil Docket#2381CV01298**

I, C. Andrew Johnson, Deputy Assistant Clerk of the Superior Court, Within and for said County

of Middlesex, do certify that the annexed papers are true copies made by photographic process of

pleadings in **2381CV01298** entered in the Superior Court on the **5th** day of **May** in the year of

our Lord 2023.

In testimony whereof, I hereunto set my hand and affix seal of said Middlesex Superior Court at

Woburn in said county, this **23rd** day of **August**, in the year of our Lord **Two Thousand**

**Twenty-Three.**



C. Andrew Johnson
Deputy Assistant Clerk

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
Docket Report

**2381CV01298 Doe, Jane vs. Massachusetts Institute Of Technology et al**

| | |
|---|---|
| **CASE TYPE:** Contract / Business Cases | **FILE DATE:** 05/05/2023 |
| **ACTION CODE:** A04 | **CASE TRACK:** F - Fast Track |
| **DESCRIPTION:** Employment Contract | |
| **CASE DISPOSITION DATE:** 08/23/2023 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 08/23/2023 |
| **CASE JUDGE:** | **CASE SESSION:** Civil B Rm 720 |

## PARTIES

| | |
|---|---|
| **Plaintiff** | **Attorney**                                    **PROPER** |
| Doe,  Jane | Pro Se |
| | Massachusetts Bar |
| | Added Date: 05/05/2023 |
| | |
| **Defendant** | **Private Counsel**                                 **554980** |
| Massachusetts Institute Of Technology | Daryl J Lapp |
| 77 Massachusetts Avenue | Locke Lord LLP |
| Cambridge, MA 02139 | Locke Lord LLP |
| | 111 Huntington Ave |
| | Prudential Center |
| | Boston, MA 02199-7613 |
| | Work Phone (617) 239-0174 |
| | Added Date: 08/23/2023 |
| | |
| **Defendant** | **Private Counsel**                                 **554980** |
| Roe,  John | Daryl J Lapp |
| | Locke Lord LLP |
| | Locke Lord LLP |
| | 111 Huntington Ave |
| | Prudential Center |
| | Boston, MA 02199-7613 |
| | Work Phone (617) 239-0174 |
| | Added Date: 08/23/2023 |

## FINANCIAL DETAILS

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 05/05/2023 | Civil Filing Fee (per Plaintiff) | 240.00 | 240.00 | 0.00 | 0.00 |
| 05/05/2023 | Civil Security Fee (G.L. c. 262, § 4A) | 20.00 | 20.00 | 0.00 | 0.00 |
| 05/05/2023 | Civil Surcharge (G.L. c. 262, § 4C) | 15.00 | 15.00 | 0.00 | 0.00 |
| | **Total** | **275.00** | **275.00** | **0.00** | **0.00** |

CRTR2709-CR

**COMMONWEALTH OF MASSACHUSETTS**
**MIDDLESEX COUNTY**
**Docket Report**

| Date | Ref | Description | Judge |
|------|-----|-------------|-------|
| 05/04/2023 | 1 | Complaint electronically filed. | |
| 05/04/2023 | 2 | Civil action cover sheet filed. | |
| 05/04/2023 | | Demand for jury trial entered. | |
| 05/05/2023 | | Case assigned to:<br>DCM Track F - Fast Track was added on 05/05/2023 | |
| 05/05/2023 | | EDocument sent:<br>A Tracking Order was generated and sent to:<br>Plaintiff: Jane Doe No addresses available | |
| 08/01/2023 | 3 | Plaintiff Jane Doe's Motion to<br>appoint Joseph Topol as sepcial process server. Dated 8/1/2023. MOTION<br>ALLOWED. Copy emailed on 8/2/2023. | |
| 08/23/2023 | | Attorney appearance<br>On this date Daryl J Lapp, Esq. added as Private Counsel for Defendant<br>Massachusetts Institute Of Technology | |
| 08/23/2023 | | Attorney appearance<br>On this date Daryl J Lapp, Esq. added as Private Counsel for Defendant John<br>Roe | |
| 08/23/2023 | | Attorney appearance electronically filed. | |
| 08/23/2023 | 4 | Defendants Massachusetts Institute Of Technology, John Roe's Notice of<br>Defendants' Notice of Removal | |
| 08/23/2023 | 4.1 | Defendants Massachusetts Institute Of Technology, John Roe's Notice to<br>Adverse Parties of Filing Notice of Removal to Federal Court | |
| 08/23/2023 | | Case transferred to another court. | |

MIDDLESEX, ss.   **Commonwealth of Massachusetts**
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set my hand and affix the seal of said Superior Court
this 23rd day of August 2023.

Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                                           SUPERIOR COURT
                                                    CIVIL ACTION NO. _____

---

JANE DOE (a pseudonym),

        Plaintiff

v.

JOHN ROE (a pseudonym),
MASSACHUSETTS INSTITUTE OF                          5/4/2023             NH
TECHNOLOGY,

        Defendants.                              **RECEIVED**

---

### COMPLAINT AND JURY DEMAND

Plaintiff Jane Doe[1] ("Plaintiff") brings this action against Defendants Massachusetts

Institute of Technology ("MIT" or "Defendant MIT") and John Roe[1] ("Roe" or "Defendant

Roe") and respectfully alleges as follows:

### PARTIES

1.     Plaintiff, Jane Doe, is an individual who, during the time periods relevant to this

complaint, was both an employee of Defendant MIT, where she was supervised by Defendant

Roe, and a partner in a separate business venture with Defendant Roe ("the Company"). At the

time of filing this complaint, Plaintiff resides in Bellingham, Washington.

2.     Defendant MIT is an educational institution with its principal place of business at

77 Massachusetts Avenue in Cambridge, Massachusetts.

---

[1] Jane Doe is filing a Motion to Proceed under Pseudonym to accompany the filing of this Complaint.

3.    Defendant Roe is an individual who, during the time periods relevant to this complaint, during the time periods relevant to this complaint, was both an employee of Defendant MIT, where he was the direct supervisor of Plaintiff, and a partner in the Company, a separate business venture with Plaintiff. Upon information and belief, at the time of filing this complaint, Defendant Roe resides in Vermont.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the subject matter of this action pursuant to M.G.L. c. 212, § 4, because the amount in controversy exceeds twenty-five thousand dollars ($25,000), exclusive of interest and costs, and the claims asserted involve alleged violations of Massachusetts state laws.

5.    Venue is proper in this Court pursuant to M.G.L. c. 223, § 1, because the Defendants reside, have a principal place of business, or committed the alleged wrongful acts within the County where this Court is located. Specifically, MIT is a university located in Cambridge, Massachusetts, which is within Middlesex County, and the events giving rise to this action occurred within the County.

## STATEMENT OF FACTS

6.    Plaintiff incorporates by reference the Charge of Discrimination filed with the Massachusetts Commission Against Discrimination on January 12, 2021, and the Complaint filed with the Department of Labor on Apri l3, 2021 (collectively, "the Agency Complaints").

7.    Subsequent to Plaintiff's filing of the Agency Complaints, Defendant Roe and MIT persisted in engaging in the wrongful acts and conduct as alleged in the Agency Complaints.

## LEGAL CLAIMS

### COUNT ONE

2

**(Violation of Massachusetts Discrimination Laws)**

8. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

9. Defendants engaged in unlawful discriminatory practices against Plaintiff based on gender and disability, violating Massachusetts laws governing employment discrimination and discrimination applicable outside of employment (i.e., M.G.L. c. 93, § 102), and Defendants continue to do so.

10. As a result of Defendants' unlawful discriminatory practices, Plaintiff has suffered damages, including but not limited to lost wages, physical sickness, emotional distress, business losses, and harm to professional reputation.

## COUNT TWO

**(Violation of Massachusetts Wage and Hour Laws)**

11. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

12. Defendant violated Massachusetts wage and hour laws, including by misclassifying the Plaintiff as an independent contractor, failing to timely pay wages, and failing to provide benefits normally afforded to MIT employees.

13. As a result of Defendants' violation of Massachusetts wage and hour laws, Plaintiff has suffered damages, including but not limited to late-paid wages, unpaid wages, and the loss of the value of employment benefits normally afforded to MIT employees.

## COUNT THREE

**(Retaliation)**

14. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

15. Defendants retaliated against Plaintiff for engaging in protected activity, such as complaining about discrimination and complaining about other violations of law, in violation of Massachusetts retaliation laws and public policy.

16. As a result of Defendant's retaliatory actions, Plaintiff has suffered damages, including but not limited to lost wages, physical sickness, emotional distress, business losses, and harm to their professional reputation.

## COUNT FOUR

### (Breach of Fiduciary Duty by Defendant Roe)

17. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

18. Defendant Roe owed Plaintiff a fiduciary duty in their joint venture and/or business relationship.

19. Defendant Roe breached that fiduciary duty, by engaging in conflicted roles, self-dealing, interfering in prospective advantageous business relationships, making false statements relied on by Plaintiff and others, and/or failing to act in the best interest of the joint venture and Plaintiff.

20. As a result of Defendant Roe's breach of fiduciary duty, Plaintiff has suffered damages, including but not limited to lost profits, harm to their professional reputation, and emotional distress.

## COUNT SIX

### (Derivative Claim for Breach of Fiduciary Duty by Defendant Roe)

4

21.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

22.    Plaintiff brings this action derivatively on behalf of the Company.

23.    Defendant Roe owed the Company a fiduciary duty in their capacity as member, manager and 50% shareholder of the Company.

24.    Defendant Roe breached that fiduciary duty by engaging in conflicted roles, self-dealing, interfering in prospective advantageous business relationships, and/or failing to act in the best interest of the Company.

25.    As a result of Defendant Roe's breach of fiduciary duty, the Company has suffered damages, including but not limited to lost profits, harm to its reputation, and potential legal liabilities.

26.    Plaintiff has standing to bring this derivative action because they are a member, manager, and 50% shareholder of the Company and has been so throughout the relevant time period.

27.    Plaintiff has taken appropriate steps to demand that the Defendant Roe address the breach of fiduciary duty, but those attempts have failed and Plaintiff has determined that such attempts are futile due to Defendant Roe's conflicts of interest, necessitating this derivative action.

## COUNT SEVEN

### (Fraudulent Inducement)

28.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

29.     Between about May 2019 and January 2020, Defendant Roe made false representations of material facts to Plaintiff with the intent to induce Plaintiff to rely on those representations, including among other misrepresentations that Defendant Roe had the authority to offer Plaintiff the particular MIT job description, conditions of employment, and compensation package that he did.

30.     Plaintiff reasonably relied on Defendant Roe's false representations in joining MIT around August 2019. Plaintiff discovered the fraud when Defendant Roe admitted to making the misrepresentations.

31.     As a result of Defendant Roe's fraudulent inducement, Plaintiff has suffered damages, including but not limited to lost profits, harm to her professional reputation, and emotional distress.

## COUNT EIGHT

### (Breach of Contract by Defendant MIT)

32.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

33.     Plaintiff was employed by Defendant MIT and subject to MIT's employment policies and procedures, which formed a part of the employment contract between Plaintiff and Defendant MIT. Additionally, Plaintiff was a third-party beneficiary to MIT's employment policies and procedures because, for example, the policies met MIT's non-discrimination requirements as a federal contractor intended to benefit all workers.

34.     Defendant MIT's policies and procedures required the good faith investigation and remedy of any complaints of retaliation and discrimination raised by employees, such as Plaintiff.

35.     Plaintiff raised concerns and complaints regarding retaliation and discrimination to Defendant MIT, which Defendant MIT failed to adequately investigate and remedy, in violation of its own policies and procedures.

36.     As a result of Defendant MIT's breach of contract, Plaintiff has suffered damages, including but not limited to lost wages, physical sickness, emotional distress, business losses, and harm to their professional reputation.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants Roe and MIT;

B. Award Plaintiff damages for lost business opportunities, lost profits, and other compensatory damages resulting from the alleged claims;

C. Award Plaintiff damages for emotional distress and physical sickness resulting from the alleged claims;

D. Award Plaintiff punitive, exemplary, and treble damages, if applicable;

E. Award Plaintiff prejudgment and post-judgment interest on all amounts awarded;

F. Award Plaintiff reasonable attorney's fees and costs;

G. Issue an injunction ordering Defendant MIT to implement and enforce policies, procedures, and training programs aimed at eliminating and preventing the systemic issues that caused and perpetuated the alleged misconduct, including but not limited to, promoting equal opportunity, preventing discrimination and retaliation, and ensuring compliance with relevant laws and regulations; and

H. Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

## **VERIFICATION**

I, Jane Doe, under the pains and penalties of perjury, hereby depose and say that I am the Plaintiff in the above captioned action and that I have read the allegations in the foregoing Verified Complaint and, as to each statement of fact alleged therein, I hereby affirm and verify that I have actual knowledge of each such fact and that such fact is true, except as to matters specifically alleged on information and belief, which I believe to be true.

Signed under the pains and penalties of perjury on this 4th day of May, 2023.

Dated: May 4, 2023

Respectfully submitted,

Plaintiff,

Jane Doe

*s/ Jane Doe*

MIDDLESEX, ss.   ***Commonwealth of Massachusetts***
**SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT**

**In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this 23rd day of August 2023.**

_____
**Deputy Assistant Clerk**

8

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2381CV01298 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Jane Doe vs. Massachusetts Institute Of Technology | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|
| TO:  File Copy | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 08/03/2023 | |
| Response to the complaint filed (also see MRCP 12) | | 09/01/2023 | |
| All motions under MRCP 12, 19, and 20 | 09/01/2023 | 10/02/2023 | 10/31/2023 |
| All motions under MRCP 15 | 09/01/2023 | 10/02/2023 | 11/01/2023 |
| All discovery requests **and depositions** served and non-expert depositions completed | 02/28/2024 | | |
| All motions under MRCP 56 | 03/29/2024 | 04/29/2024 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/26/2024 |
| Case shall be resolved and judgment shall issue by | | | 05/05/2025 |

**The final pre-trial deadline is** <u>not the scheduled date of the conference</u>**.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>**05/05/2023** | ASSISTANT CLERK<br>**Debra J Newman** | PHONE |
|---|---|---|

Date/Time Printed: 05-05-2023 16:36:53                                                   SCV026\ 08/2018

uperior Court - Middlesex
ocket Number 2381CV01298

3

**RECEIVED**
8/1/2023      HG

# Commonwealth of Massachusetts

No.   2381CV01298        B

### Motion for Appointment as Special Process Server and Order of Appointment

In accordance with the provisions of Rule 4c of the M.R.C.P., the undersigned hereby Motions this Honorable Court for the appointment of:

Joseph Topol
_____

(Name of Appointee)

as process server in the above entitled action. The undersigned swears that to the best of his (her) knowledge and belief the person to be appointed process server is a Constable who is experienced in the service of process, is 18 years of age or over and is not a party to this action.

Jane Doe
_____      _____/s/ pp Jane Doe_____
Name of Affiant for Pltf.                          Signature

scma.case@gmail.com
_____
Email Address for Pltf.

### Order Appointing Special Process Server

The foregoing Motion is allowed and pursuant to Rule 4c of the M.R.C.P. IT IS ORDERED that:

Joseph Topol
_____

(Name of Appointee)

is herby appointed as Special Process Server in the above entitled action.

8/2/23   Motion Allowed

Attest:                Deputy Assistant Clerk

            J.)

By: _____
                    Justice

4

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS
TRIAL COURT OF THE
SUPERIOR COURT

JANE DOE (a pseudonym),        :

      Plaintiff,        :

v.        :        C.A. No.: 2381CV01298

              :

JOHN ROE (a pseudonym),        :
MASSACHUSETTS INSTITUTE        :
OF TECHNOLOGY,        :

      Defendants.        :

**RECEIVED**

8/23/2023

## NOTICE OF DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, *et seq.*, defendants, John Roe (a pseudonym) and

Massachusetts Institute of Technology give notice that their Notice of Removal, attached as

**Exhibit 1**, was filed with the United States District Court for the District of Massachusetts on

August 23, 2023.


Dated: August 23, 2023

                     Defendants,

                     MASSACHUSETTS INSTITUTE OF
                     TECHNOLOGY and JOHN ROE,

                     */s/ Daryl J. Lapp*
                     Daryl J. Lapp, BBO# 554980
                     daryl.lapp@lockelord.com
                     LOCKE LORD, LLP
                     111 Huntington Avenue, 9th Floor
                     Boston, Massachusetts  02199
                     617-230-0100

mr

**CERTIFICATE OF SERVICE**

I, Daryl J. Lapp, hereby certify that on the 23rd day of August, 2023, a copy of the above was served on all parties through the Odyssey e-file system, and to any party without electronic service by electronic and first class mail; namely, Jane Doe (a pseudonym).


/s/ *Daryl J. Lapp*
Daryl J. Lapp

134383418v.1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE (a pseudonym), | : |
| Plaintiff, | : |
| v. | :    C.A. No.: |
| JOHN ROE (a pseudonym),<br>MASSACHUSETTS INSTITUTE<br>OF TECHNOLOGY, | : |
| Defendants. | : |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendants Massachusetts Institute of

Technology ("MIT") and John Roe ("Roe") remove this action from the Superior Court of the

Commonwealth of Massachusetts for Middlesex County to the United States District Court for

the District of Massachusetts. As grounds for removal, MIT and Roe state as follows.

#### The Parties and the Nature of the Case

1.      Plaintiff Jane Doe formerly was employed by MIT, a private university with its

principal place of business in Cambridge, Massachusetts. Roe is an MIT employee who worked

with Plaintiff.

2.      Plaintiff filed her complaint on May 5, 2023 in the Superior Court of the

Commonwealth of Massachusetts, Middlesex County. It was assigned Civil Action No.

2381CV01298. A copy of the complaint is attached at **Exhibit A**.

3.      Plaintiff's complaint contains no specific factual allegations. Instead, for her

"Statement of Facts," Plaintiff "incorporates by reference" two "Agency Complaints" she

previously filed against MIT and Roe: a Charge of Discrimination she filed with the

Massachusetts Commission Against Discrimination ("MCAD") on January 12, 2021, and a

Complaint she filed with the Department of Labor ("DOL") on April 13, 2021.  Compl., ¶ 6.

4.     Plaintiff's MCAD Charge alleged, among other things, that MIT and Roe engaged

in discriminatory and retaliatory practices against Plaintiff in violation of Massachusetts law.

5.     Plaintiff's DOL Complaint alleged, among other things, that MIT and Roe

engaged in retaliatory employment practices against Plaintiff in violation of the Sarbanes-Oxley

Act ("SOX"), 18 U.S.C. §1514A, and Section 1405 of the Taxpayer First Act ("TFA"), 26

U.S.C. §7623(d).

6.     Plaintiff's Superior Court complaint alleges that "[s]ubsequent to Plaintiff's filing

of the Agency Complaints, Defendants Roe and MIT persisted in engaging in the wrongful acts

and conduct as alleged in the Agency Complaints."  Compl., ¶ 7.

7.     Plaintiff's Superior Court complaint then alleges in a conclusory fashion that MIT

and Roe have discriminated against her on the basis of gender and disability in violation of

Massachusetts law (Count One), violated Massachusetts wage and hour laws (Count Two), and

retaliated against Plaintiff for complaining about discrimination and other violations of state and

federal law (Count Three); that Roe breached fiduciary duties to Plaintiff and an unnamed

company of which Plaintiff and Roe allegedly are members, managers, and 50% shareholders

(Counts Four and Six) (the complaint contains no Count Five); that Roe fraudulently induced

Plaintiff to begin employment at MIT (Count Seven); and that MIT breached its employment

contract with Plaintiff (Count Eight).

### Removal Jurisdiction and Venue

8.     A civil action filed in state court may be removed to federal district court if at

least one of the claims asserted therein "aris[es] under the Constitution, laws, or treaties of the

United States." 28 U.S.C. § 1331; 28 U.S.C. § 1441(a). Plaintiff alleges violations of federal

law in her complaint in several respects. She incorporates by reference the DOL Complaint in its

entirety, which asserts violations of SOX and TFA. Compl., ¶ 6. Her complaint asserts that the

alleged violations of federal law "persisted" after she filed the DOL Complaint. *Id.* ¶ 7. Plaintiff

further alleges that MIT and Roe retaliated against her for complaining of violations of those

federal laws, a claim which will require the Court to resolve questions of federal law including

the public policies behind SOX and the TFA and whether her complaints regarding alleged

violations of those statutes constitute protected activity.

9.      The Court has supplemental jurisdiction over Plaintiff's state law claims

because they "are so related to claims in the action within such original jurisdiction that they

form part of the same case or controversy under Article III of the United States Constitution."

28 U.S.C. § 1367(a), as Plaintiff's claims all arise from the same alleged conduct that occurred

during her employment with MIT.

10.     Venue is proper in this Court because this is the federal judicial district and

division in which the state court action was filed. 28 U.S.C. § 1441(a).

**Procedural Issues**

11.     Pursuant to 28 U.S.C. § 1446(a), MIT and Roe have attached copies of all

process, pleadings, and orders served upon them in this case.

12.     Defendant MIT first received a copy of the Complaint on August 3, 2023,

when a copy of the complaint was delivered to it.[1] Defendant Roe was served with a summons

and copy of the complaint on August 3, 2023.

---

[1] As of the date of this filing, proper service has not been made on MIT.

13.     This Notice of Removal is timely because it is filed within 30 days of the Defendants' first receipt of the complaint.  28 U.S.C. § 1446(b).

14.     The Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for Middlesex County and will serve the notice on Plaintiff in compliance with 28 U.S.C. § 1446(d).

15.     Certified copies of the entries in the Superior Court docket will be filed in connection with the Defendants' Local Rule 81.1(a) submission.

16.     All defendants consent to the removal of this action.  28 U.S.C. § 1446(b)(2)(A).

August 23, 2023

MASSACHUSETTS INSTITUTE OF TECHNOLOGY and JOHN ROE,

/s/ Daryl J. Lapp
Daryl J. Lapp, BBO# 554980
    daryl.lapp@lockelord.com
Samantha M. Vasques (*pro hac vice pending*)
    samantha.vasques@lockelord.com
LOCKE LORD, LLP
111 Huntington Avenue, 9th Floor
Boston, Massachusetts  02199
617.239.0100

**CERTIFICATE OF SERVICE**

I certify that on August 23, 2023, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, as follows:

Jane Doe (a pseudonym) – by electronic and first-class mail

/s/ Daryl J. Lapp
Daryl J. Lapp

134338545v.3

Date Filed 8/23/2023 2:55 PM Case 1:23-cv-11935-WGY    Document 6    Filed 08/28/23    Page 21 of 48
Superior Court - Middlesex
Docket Number 2381CV01298          Case 1:23-cv-11935    Document 1-1    Filed 08/23/23    Page 1 of 24

# EXHIBIT A

CONSTABLE JOSEPH TOPOL
MIDDLESEX COUNTY CONSTABLE
POST OFFICE BOX 311 • CARLISLE • MA 01741



Office General Counsel

MIT

Massachusetts
Federal Credit Union

77 Mass Ave

Room 7-06

Cambridge

RECEIVED BY

AUG 0 3 2023

Office of the General Counsel

Date Filed 8/23/2023 2:55 PM
Superior Court - Middlesex
Docket Number 2381CV01298

Case 1:23-cv-11935-WGY   Document 6   Filed 08/28/23   Page 23 of 48
Case 1:23-cv-11935   Document 1-1   Filed 08/23/23   Page 3 of 24

TRUE COPY ATTEST

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO.   2281CV03238

_____ , PLAINTIFF(S),

v.

Massachusetts Institute of Technology
Federal Credit Union   , DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO   Massachusetts Institute of Technology Federal Credit Union   . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the   Middlesex County Superior   Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original response** with the Clerk's Office for Civil Business, Middlesex County Court, 200 Trade Center, 2nd floor   (address), by mail or in person, **AND**
   Woburn, MA 01801
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _____

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically request a jury trial** in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

Date Filed 8/23/2023 2:55 PM
Superior Court - Middlesex
Docket Number 2381CV01298

Case 1:23-cv-11935-WGY   Document 6   Filed 08/28/23   Page 24 of 48
Case 1:23-cv-11935   Document 1-1   Filed 08/23/23   Page 4 of 24

4.   **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi Brieger, Chief Justice on _____ November 30 ____ , 20 22 .

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ November 30 ___ , 20 22 , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-6)):

_____

_____

_____

Dated: _____ , 20 ___        Signature: _____

**N.B.     TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

8 / 3 / 23                        , 20 23

Date Filed 8/23/2023 2:55 PM
Superior Court - Middlesex
Docket Number 2381CV01298

Case 1:23-cv-11935-WGY   Document 6   Filed 08/28/23   Page 25 of 48
Case 1:23-cv-11935   Document 1-1   Filed 08/23/23   Page 5 of 24

# COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, SS.**

**SUPERIOR COURT**

CIVIL ACTION NO. _____

---

JANE DOE (a pseudonym),

      **Plaintiff**

v.

JOHN ROE (a pseudonym),
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

      **Defendants.**

---

## COMPLAINT AND JURY DEMAND

Plaintiff Jane Doe[1] ("Plaintiff") brings this action against Defendants Massachusetts Institute of Technology ("MIT" or "Defendant MIT") and John Roe[1] ("Roe" or "Defendant Roe") and respectfully alleges as follows:

### PARTIES

1.    Plaintiff, Jane Doe, is an individual who, during the time periods relevant to this complaint, was both an employee of Defendant MIT, where she was supervised by Defendant Roe, and a partner in a separate business venture with Defendant Roe ("the Company"). At the time of filing this complaint, Plaintiff resides in Bellingham, Washington.

2.    Defendant MIT is an educational institution with its principal place of business at 77 Massachusetts Avenue in Cambridge, Massachusetts.

---

[1] Jane Doe is filing a Motion to Proceed under Pseudonym to accompany the filing of this Complaint.

1

Date Filed 8/23/2023 2:55 PM
Superior Court - Middlesex
Docket Number 2381CV01298

Case 1:23-cv-11935-WGY   Document 6   Filed 08/28/23   Page 26 of 48
Case 1:23-cv-11935   Document 1-1   Filed 08/23/23   Page 6 of 24

3.      Defendant Roe is an individual who, during the time periods relevant to this complaint, during the time periods relevant to this complaint, was both an employee of Defendant MIT, where he was the direct supervisor of Plaintiff, and a partner in the Company, a separate business venture with Plaintiff. Upon information and belief, at the time of filing this complaint, Defendant Roe resides in Vermont.

### JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to M.G.L. c. 212, § 4, because the amount in controversy exceeds twenty-five thousand dollars ($25,000), exclusive of interest and costs, and the claims asserted involve alleged violations of Massachusetts state laws.

5.      Venue is proper in this Court pursuant to M.G.L. c. 223, § 1, because the Defendants reside, have a principal place of business, or committed the alleged wrongful acts within the County where this Court is located. Specifically, MIT is a university located in Cambridge, Massachusetts, which is within Middlesex County, and the events giving rise to this action occurred within the County.

### STATEMENT OF FACTS

6.      Plaintiff incorporates by reference the Charge of Discrimination filed with the Massachusetts Commission Against Discrimination on January 12, 2021, and the Complaint filed with the Department of Labor on Apri 13, 2021 (collectively, "the Agency Complaints").

7.      Subsequent to Plaintiff's filing of the Agency Complaints, Defendant Roe and MIT persisted in engaging in the wrongful acts and conduct as alleged in the Agency Complaints.

### LEGAL CLAIMS

### COUNT ONE

2

Date Filed 8/23/2023 2:55 PM
Superior Court - Middlesex
Docket Number 2381CV01298

Case 1:23-cv-11935-WGY   Document 6   Filed 08/28/23   Page 27 of 48
Case 1:23-cv-11935   Document 1-1   Filed 08/23/23   Page 7 of 24

**(Violation of Massachusetts Discrimination Laws)**

8.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth

herein.

9.     Defendants engaged in unlawful discriminatory practices against Plaintiff based

on gender and disability, violating Massachusetts laws governing employment discrimination

and discrimination applicable outside of employment (i.e., M.G.L. c. 93, § 102), and Defendants

continue to do so.

10.     As a result of Defendants' unlawful discriminatory practices, Plaintiff has

suffered damages, including but not limited to lost wages, physical sickness, emotional distress,

business losses, and harm to professional reputation.

## COUNT TWO

**(Violation of Massachusetts Wage and Hour Laws)**

11.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth

herein.

12.     Defendant violated Massachusetts wage and hour laws, including by

misclassifying the Plaintiff as an independent contractor, failing to timely pay wages, and failing

to provide benefits normally afforded to MIT employees.

13.     As a result of Defendants' violation of Massachusetts wage and hour laws,

Plaintiff has suffered damages, including but not limited to late-paid wages, unpaid wages, and

the loss of the value of employment benefits normally afforded to MIT employees.

## COUNT THREE

**(Retaliation)**

3

Date Filed 8/23/2023 2:55 PM Case 1:23-cv-11935-WGY Document 6 Filed 08/28/23 Page 28 of 48
Superior Court - Middlesex Case 1:23-cv-11935 Document 1-1 Filed 08/23/23 Page 8 of 24
Docket Number 2381CV01298

14.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

15.     Defendants retaliated against Plaintiff for engaging in protected activity, such as complaining about discrimination and complaining about other violations of law, in violation of Massachusetts retaliation laws and public policy.

16.     As a result of Defendant's retaliatory actions, Plaintiff has suffered damages, including but not limited to lost wages, physical sickness, emotional distress, business losses, and harm to their professional reputation.

## COUNT FOUR

### (Breach of Fiduciary Duty by Defendant Roe)

17.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

18.     Defendant Roe owed Plaintiff a fiduciary duty in their joint venture and/or business relationship.

19.     Defendant Roe breached that fiduciary duty, by engaging in conflicted roles, self-dealing, interfering in prospective advantageous business relationships, making false statements relied on by Plaintiff and others, and/or failing to act in the best interest of the joint venture and Plaintiff.

20.     As a result of Defendant Roe's breach of fiduciary duty, Plaintiff has suffered damages, including but not limited to lost profits, harm to their professional reputation, and emotional distress.

## COUNT SIX

### (Derivative Claim for Breach of Fiduciary Duty by Defendant Roe)

Date Filed 8/23/2023 2:55 PM
Superior Court - Middlesex
Docket Number 2381CV01298

Case 1:23-cv-11935-WGY   Document 6   Filed 08/28/23   Page 29 of 48
Case 1:23-cv-11935   Document 1-1   Filed 08/23/23   Page 9 of 24

21.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

22.     Plaintiff brings this action derivatively on behalf of the Company.

23.     Defendant Roe owed the Company a fiduciary duty in their capacity as member, manager and 50% shareholder of the Company.

24.     Defendant Roe breached that fiduciary duty by engaging in conflicted roles, self-dealing, interfering in prospective advantageous business relationships, and/or failing to act in the best interest of the Company.

25.     As a result of Defendant Roe's breach of fiduciary duty, the Company has suffered damages, including but not limited to lost profits, harm to its reputation, and potential legal liabilities.

26.     Plaintiff has standing to bring this derivative action because they are a member, manager, and 50% shareholder of the Company and has been so throughout the relevant time period.

27.     Plaintiff has taken appropriate steps to demand that the Defendant Roe address the breach of fiduciary duty, but those attempts have failed and Plaintiff has determined that such attempts are futile due to Defendant Roe's conflicts of interest, necessitating this derivative action.

## COUNT SEVEN

### (Fraudulent Inducement)

28.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

Date Filed 8/23/2023 2:55 PM Case 1:23-cv-11935-WGY Document 6 Filed 08/28/23 Page 30 of 48
Superior Court - Middlesex Case 1:23-cv-11935 Document 1-1 Filed 08/23/23 Page 10 of 24
Docket Number 2381CV01298

29.     Between about May 2019 and January 2020, Defendant Roe made false representations of material facts to Plaintiff with the intent to induce Plaintiff to rely on those representations, including among other misrepresentations that Defendant Roe had the authority to offer Plaintiff the particular MIT job description, conditions of employment, and compensation package that he did.

30.     Plaintiff reasonably relied on Defendant Roe's false representations in joining MIT around August 2019. Plaintiff discovered the fraud when Defendant Roe admitted to making the misrepresentations.

31.     As a result of Defendant Roe's fraudulent inducement, Plaintiff has suffered damages, including but not limited to lost profits, harm to her professional reputation, and emotional distress.

## COUNT EIGHT

### (Breach of Contract by Defendant MIT)

32.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

33.     Plaintiff was employed by Defendant MIT and subject to MIT's employment policies and procedures, which formed a part of the employment contract between Plaintiff and Defendant MIT. Additionally, Plaintiff was a third-party beneficiary to MIT's employment policies and procedures because, for example, the policies met MIT's non-discrimination requirements as a federal contractor intended to benefit all workers.

34.     Defendant MIT's policies and procedures required the good faith investigation and remedy of any complaints of retaliation and discrimination raised by employees, such as Plaintiff.

6

Date Filed 8/23/2023 2:55 PM
Superior Court - Middlesex
Docket Number 2381CV01298

Case 1:23-cv-11935-WGY   Document 6   Filed 08/28/23   Page 31 of 48
Case 1:23-cv-11935   Document 1-1   Filed 08/23/23   Page 11 of 24

35.     Plaintiff raised concerns and complaints regarding retaliation and discrimination to Defendant MIT, which Defendant MIT failed to adequately investigate and remedy, in violation of its own policies and procedures.

36.     As a result of Defendant MIT's breach of contract, Plaintiff has suffered damages, including but not limited to lost wages, physical sickness, emotional distress, business losses, and harm to their professional reputation.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants Roe and MIT;

B. Award Plaintiff damages for lost business opportunities, lost profits, and other compensatory damages resulting from the alleged claims;

C. Award Plaintiff damages for emotional distress and physical sickness resulting from the alleged claims;

D. Award Plaintiff punitive, exemplary, and treble damages, if applicable;

E. Award Plaintiff prejudgment and post-judgment interest on all amounts awarded;

F. Award Plaintiff reasonable attorney's fees and costs;

G. Issue an injunction ordering Defendant MIT to implement and enforce policies, procedures, and training programs aimed at eliminating and preventing the systemic issues that caused and perpetuated the alleged misconduct, including but not limited to, promoting equal opportunity, preventing discrimination and retaliation, and ensuring compliance with relevant laws and regulations; and

H. Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

## <u>VERIFICATION</u>

I, Jane Doe, under the pains and penalties of perjury, hereby depose and say that I am the Plaintiff in the above captioned action and that I have read the allegations in the foregoing Verified Complaint and, as to each statement of fact alleged therein, I hereby affirm and verify that I have actual knowledge of each such fact and that such fact is true, except as to matters specifically alleged on information and belief, which I believe to be true.

Signed under the pains and penalties of perjury on this 4th day of May, 2023.

Dated: May 4, 2023

Respectfully submitted,

Plaintiff,

Jane Doe

*s/ Jane Doe*

Date Filed 8/23/2023 2:55 PM Case 1:23-cv-11935-WGY Document 6 Filed 08/28/23 Page 33 of 48
Superior Court - Middlesex Case 1:23-cv-11935 Document 1-1 Filed 08/23/23 Page 13 of 24
Docket Number 2381CV01298
3

RECEIVED
8/1/2023    HG

# Commonwealth of Massachusetts

No. ___2381CV01298___    B

## Motion for Appointment as Special Process Server and Order of Appointment

In accordance with the provisions of Rule 4c of the M.R.C.P., the undersigned hereby Motions this Honorable Court for the appointment of:

**Joseph Topol**

(Name of Appointee)

as process server in the above entitled action. The undersigned swears that to the best of his (her) knowledge and belief the person to be appointed process server is a Constable who is experienced in the service of process, is 18 years of age or over and is not a party to this action.

Jane Doe

Name of Affiant for Pltf.

_/s/ Jane Doe_
Signature

scma.case@gmail.com

Email Address for Pltf.

## Order Appointing Special Process Server

The foregoing Motion is allowed and pursuant to Rule 4c of the M.R.C.P. IT IS ORDERED that:

**Joseph Topol**

(Name of Appointee)

is herby appointed as Special Process Server in the above entitled action.

8/2/23   Motion Allowed

Attest: _____ Deputy Assistant Clerk

qbii   J.)

By: _____

Justice

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2381CV01298

Jane Doe , PLAINTIFF(S),

V.

Massachusetts Institute of Technology,
John Roe , DEFENDANT(S)



### SUMMONS

THIS SUMMONS IS DIRECTED TO _____ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the ___Middlesex County Superior___ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Middlesex County Court, Superior 200 Trade Center, 2nd floor (address), by mail or in person, **AND**
   Woburn, MA 01801
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _____

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

Date Filed 8/23/2023 2:55 PM
Superior Court - Middlesex  Case 1:23-cv-11935-WGY   Document 6   Filed 08/28/23   Page 36 of 48
Docket Number 2381CV01298  Case 1:23-cv-11935   Document 1-1   Filed 08/23/23   Page 16 of 24

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi Brieger, Chief Justice on_____ August 3 , 20 23 .

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on_____ August 3  20 23  , I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

left a copy at 2003 Hale Hollow Rd, Plymouth, VT 05056

Dated:_____ August 3 , 20 23       Signature:_____

N.B.    TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

August   3   , 20 23

Date Filed 8/23/2023 2:55 PM
Superior Court - Middlesex
Docket Number 2381CV01298

Case 1:23-cv-11935-WGY   Document 6   Filed 08/28/23   Page 37 of 48
Case 1:23-cv-11935   Document 1-1   Filed 08/23/23   Page 17 of 24

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT

CIVIL ACTION NO. 2381CV01298

JANE DOE (a pseudonym),

  Plaintiff

V.

JOHN ROE (a pseudonym),
MASSACHUSETTS INSTITUTE OF
TECHNOLOGY,

  Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff Jane Doe[1] ("Plaintiff") brings this action against Defendants Massachusetts Institute of Technology ("MIT" or "Defendant MIT") and John Roe[1] ("Roe" or "Defendant Roe") and respectfully alleges as follows:

## PARTIES

1.     Plaintiff, Jane Doe, is an individual who, during the time periods relevant to this complaint, was both an employee of Defendant MIT, where she was supervised by Defendant Roe, and a partner in a separate business venture with Defendant Roe ("the Company"). At the time of filing this complaint, Plaintiff resides in Bellingham, Washington.

2.     Defendant MIT is an educational institution with its principal place of business at 77 Massachusetts Avenue in Cambridge, Massachusetts.

---

[1] Jane Doe is filing a Motion to Proceed under Pseudonym to accompany the filing of this Complaint.

3.      Defendant Roe is an individual who, during the time periods relevant to this complaint, during the time periods relevant to this complaint, was both an employee of Defendant MIT, where he was the direct supervisor of Plaintiff, and a partner in the Company, a separate business venture with Plaintiff. Upon information and belief, at the time of filing this complaint, Defendant Roe resides in Vermont.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to M.G.L. c. 212, § 4, because the amount in controversy exceeds twenty-five thousand dollars ($25,000), exclusive of interest and costs, and the claims asserted involve alleged violations of Massachusetts state laws.

5.      Venue is proper in this Court pursuant to M.G.L. c. 223, § 1, because the Defendants reside, have a principal place of business, or committed the alleged wrongful acts within the County where this Court is located. Specifically, MIT is a university located in Cambridge, Massachusetts, which is within Middlesex County, and the events giving rise to this action occurred within the County.

## STATEMENT OF FACTS

6.      Plaintiff incorporates by reference the Charge of Discrimination filed with the Massachusetts Commission Against Discrimination on January 12, 2021, and the Complaint filed with the Department of Labor on April 13, 2021 (collectively, "the Agency Complaints").

7.      Subsequent to Plaintiff's filing of the Agency Complaints, Defendant Roe and MIT persisted in engaging in the wrongful acts and conduct as alleged in the Agency Complaints.

## LEGAL CLAIMS

## COUNT ONE

2

Date Filed 8/23/2023 2:55 PM
Superior Court - Middlesex
Docket Number 2381CV01298

Case 1:23-cv-11935-WGY   Document 6   Filed 08/28/23   Page 39 of 48
Case 1:23-cv-11935   Document 1-1   Filed 08/23/23   Page 19 of 24

**(Violation of Massachusetts Discrimination Laws)**

8.      Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

9.      Defendants engaged in unlawful discriminatory practices against Plaintiff based on gender and disability, violating Massachusetts laws governing employment discrimination and discrimination applicable outside of employment (i.e., M.G.L. c. 93, § 102), and Defendants continue to do so.

10.     As a result of Defendants' unlawful discriminatory practices, Plaintiff has suffered damages, including but not limited to lost wages, physical sickness, emotional distress, business losses, and harm to professional reputation.

## COUNT TWO

**(Violation of Massachusetts Wage and Hour Laws)**

11.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

12.     Defendant violated Massachusetts wage and hour laws, including by misclassifying the Plaintiff as an independent contractor, failing to timely pay wages, and failing to provide benefits normally afforded to MIT employees.

13.     As a result of Defendants' violation of Massachusetts wage and hour laws, Plaintiff has suffered damages, including but not limited to late-paid wages, unpaid wages, and the loss of the value of employment benefits normally afforded to MIT employees.

## COUNT THREE

**(Retaliation)**

3

Date Filed 8/23/2023 2:55 PM
Superior Court - Middlesex
Docket Number 2381CV01298

Case 1:23-cv-11935-WGY   Document 6   Filed 08/28/23   Page 40 of 48
Case 1:23-cv-11935   Document 1-1   Filed 08/23/23   Page 20 of 24

14.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

15.   Defendants retaliated against Plaintiff for engaging in protected activity, such as complaining about discrimination and complaining about other violations of law, in violation of Massachusetts retaliation laws and public policy.

16.   As a result of Defendant's retaliatory actions, Plaintiff has suffered damages, including but not limited to lost wages, physical sickness, emotional distress, business losses, and harm to their professional reputation.

## COUNT FOUR

### (Breach of Fiduciary Duty by Defendant Roe)

17.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

18.   Defendant Roe owed Plaintiff a fiduciary duty in their joint venture and/or business relationship.

19.   Defendant Roe breached that fiduciary duty, by engaging in conflicted roles, self-dealing, interfering in prospective advantageous business relationships, making false statements relied on by Plaintiff and others, and/or failing to act in the best interest of the joint venture and Plaintiff.

20.   As a result of Defendant Roe's breach of fiduciary duty, Plaintiff has suffered damages, including but not limited to lost profits, harm to their professional reputation, and emotional distress.

## COUNT SIX

### (Derivative Claim for Breach of Fiduciary Duty by Defendant Roe)

4

Date Filed 8/23/2023 2:55 PM
Superior Court - Middlesex
Docket Number 2381CV01298

Case 1:23-cv-11935-WGY   Document 6   Filed 08/28/23   Page 41 of 48
Case 1:23-cv-11935   Document 1-1   Filed 08/23/23   Page 21 of 24

21. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

22. Plaintiff brings this action derivatively on behalf of the Company.

23. Defendant Roe owed the Company a fiduciary duty in their capacity as member, manager and 50% shareholder of the Company.

24. Defendant Roe breached that fiduciary duty by engaging in conflicted roles, self-dealing, interfering in prospective advantageous business relationships, and/or failing to act in the best interest of the Company.

25. As a result of Defendant Roe's breach of fiduciary duty, the Company has suffered damages, including but not limited to lost profits, harm to its reputation, and potential legal liabilities.

26. Plaintiff has standing to bring this derivative action because they are a member, manager, and 50% shareholder of the Company and has been so throughout the relevant time period.

27. Plaintiff has taken appropriate steps to demand that the Defendant Roe address the breach of fiduciary duty, but those attempts have failed and Plaintiff has determined that such attempts are futile due to Defendant Roe's conflicts of interest, necessitating this derivative action.

## COUNT SEVEN

### (Fraudulent Inducement)

28. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

5

Case 1:23-cv-11935   Document 1-1   Filed 08/23/23   Page 22 of 24

29.   Between about May 2019 and January 2020, Defendant Roe made false representations of material facts to Plaintiff with the intent to induce Plaintiff to rely on those representations, including among other misrepresentations that Defendant Roe had the authority to offer Plaintiff the particular MIT job description, conditions of employment, and compensation package that he did.

30.   Plaintiff reasonably relied on Defendant Roe's false representations in joining MIT around August 2019. Plaintiff discovered the fraud when Defendant Roe admitted to making the misrepresentations.

31.   As a result of Defendant Roe's fraudulent inducement, Plaintiff has suffered damages, including but not limited to lost profits, harm to her professional reputation, and emotional distress.

## COUNT EIGHT

### (Breach of Contract by Defendant MIT)

32.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

33.   Plaintiff was employed by Defendant MIT and subject to MIT's employment policies and procedures, which formed a part of the employment contract between Plaintiff and Defendant MIT. Additionally, Plaintiff was a third-party beneficiary to MIT's employment policies and procedures because, for example, the policies met MIT's non-discrimination requirements as a federal contractor intended to benefit all workers.

34.   Defendant MIT's policies and procedures required the good faith investigation and remedy of any complaints of retaliation and discrimination raised by employees, such as Plaintiff.

6

35.    Plaintiff raised concerns and complaints regarding retaliation and discrimination to Defendant MIT, which Defendant MIT failed to adequately investigate and remedy, in violation of its own policies and procedures.

36.    As a result of Defendant MIT's breach of contract, Plaintiff has suffered damages, including but not limited to lost wages, physical sickness, emotional distress, business losses, and harm to their professional reputation.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants Roe and MIT;

B. Award Plaintiff damages for lost business opportunities, lost profits, and other compensatory damages resulting from the alleged claims;

C. Award Plaintiff damages for emotional distress and physical sickness resulting from the alleged claims;

D. Award Plaintiff punitive, exemplary, and treble damages, if applicable;

E. Award Plaintiff prejudgment and post-judgment interest on all amounts awarded;

F. Award Plaintiff reasonable attorney's fees and costs;

G. Issue an injunction ordering Defendant MIT to implement and enforce policies, procedures, and training programs aimed at eliminating and preventing the systemic issues that caused and perpetuated the alleged misconduct, including but not limited to, promoting equal opportunity, preventing discrimination and retaliation, and ensuring compliance with relevant laws and regulations; and

H. Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Date Filed 8/23/2023 2:55 PM
Superior Court - Middlesex
Docket Number 2381CV01298

Case 1:23-cv-11935-WGY   Document 6   Filed 08/28/23   Page 44 of 48
Case 1:23-cv-11935   Document 1-1   Filed 08/23/23   Page 24 of 24

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

## VERIFICATION

I, Jane Doe, under the pains and penalties of perjury, hereby depose and say that I am the Plaintiff in the above captioned action and that I have read the allegations in the foregoing Verified Complaint and, as to each statement of fact alleged therein, I hereby affirm and verify that I have actual knowledge of each such fact and that such fact is true, except as to matters specifically alleged on information and belief, which I believe to be true.

Signed under the pains and penalties of perjury on this 4th day of May, 2023.

Dated: May 4, 2023

Respectfully submitted,

Plaintiff,

Jane Doe

s/ Jane Doe

8

Date Filed 8/23/2023 2:55 PM Case 1:23-cv-11935-WGY Document 6 Filed 08/28/23 Page 45 of 48
Superior Court - Middlesex
Docket Number 2381CV01298    Case 1:23-cv-11935 Document 1-2 Filed 08/23/23 Page 1 of 2

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jane Doe (a pseudonym)

**DEFENDANTS**

John Roe (a pseudonym), Massachusetts Institute of Technology

**(b)** County of Residence of First Listed Plaintiff    **Norfolk**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    **Middlesex**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Jane Doe (pro se)

Attorneys *(If Known)*
Daryl J. Lapp, Locke Lord LLP, 111 Huntington Avenue, 9th Fl,
Boston, MA 02199

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 USC §1514A and 26 USC §7623(d)

Brief description of cause:
Plaintiff alleges ongoing violations of and retaliation for reporting violations of 18 USC §1514A & 26 USC §7623(d)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 08/23/2023 | /s/ Daryl J. Lapp, Esq. |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Date Filed 8/23/2023 2:55 PM
Superior Court - Middlesex
Docket Number 2381CV01298

Case 1:23-cv-11935-WGY   Document 6   Filed 08/28/23   Page 46 of 48
Case 1:23-cv-11935   Document 1-2   Filed 08/23/23   Page 2 of 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)  Jane Doe (a pseudonym) v. John Roe (a pseudonym)

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   [ ]  I.    410, 441, 470, 535, 830*, 835*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   [✔]  II.   110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*, 850, 870, 871.

   [ ]  III.  120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315, 330, 340, 345, 350, 355, 360, 385, 367, 368, 375, 376, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 625, 690, 751, 791, 861-865, 890, 896, 899, 950.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?        YES [ ]    NO [✔]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)        YES [ ]    NO [✔]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?        YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?        YES [ ]    NO [✔]

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).        YES [✔]    NO [ ]

   A.  If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [✔]        Central Division [ ]        Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)        YES [ ]    NO [✔]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Daryl J. Lapp, Esq.

ADDRESS  Locke Lord LLP, 111 Huntington Avenue, 9th Fl, Boston, MA 02199

TELEPHONE NO.  (617) 239-0100

(CategoryForm6-2017.wpd )

4.1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

TRIAL COURT OF THE
SUPERIOR COURT

JANE DOE (a pseudonym),                    :

       Plaintiff,                              :

**RECEIVED**

8/23/2023

                          :

v.                                         :         C.A. No.: 2381CV01298

                          :

JOHN ROE (a pseudonym),                    :
MASSACHUSETTS INSTITUTE                     :
OF TECHNOLOGY,                              :

       Defendants.                             :

### NOTICE TO ADVERSE PARTIES OF FILING
### NOTICE OF REMOVAL TO FEDERAL COURT

Pursuant to 28 *U.S.C.* § 1446(d), please take notice that defendants, John Roe (a

pseudonym) and Massachusetts Institute of Technology filed a notice of removal to federal court

of the above-captioned action from the Superior Court of the Commonwealth of Massachusetts,

Middlesex County to the United States District Court for the District of Massachusetts, Eastern

Division.

Dated:  August 23, 2023

                          Defendants,

                          MASSACHUSETTS INSTITUTE OF
                          TECHNOLOGY and JOHN ROE,

                          */s/ Daryl J. Lapp*
                          Daryl J. Lapp, BBO# 554980
                          daryl.lapp@lockelord.com
                          LOCKE LORD, LLP
                          111 Huntington Avenue, 9th Floor
                          Boston, Massachusetts  02199
                          617-230-0100

mr

**CERTIFICATE OF SERVICE**

I, Daryl J. Lapp, hereby certify that on the 23rd day of August, 2023, a copy of the above was served on all parties through the Odyssey e-file system, and to any party without electronic service by first class mail; namely, Jane Doe (a pseudonym).

/s/ *Daryl J. Lapp*
Daryl J. Lapp

2