UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE (a pseudonym), : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No.: 1:23-cv-11935-JCB |
| : | |
| JOHN ROE (a pseudonym), : | |
| MASSACHUSETTS INSTITUTE : | |
| OF TECHNOLOGY, : | |
| : | |
| Defendants. : | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants Massachusetts Institute of Technology ("MIT") and John Roe ("Roe") submit this memorandum in support of their motion to dismiss Plaintiff's complaint in its entirety.

**I.      The Complaint Violates Rule 10 by Failing to Name All Parties Including Plaintiff.**

Rule 10(a) of the Federal Rules of Civil Procedure requires that a complaint name all parties. Plaintiff's complaint violates this basic rule, including with respect to her own name. She purports to bring this case under the pseudonym "Jane Doe," but without seeking leave to do so and without any basis for doing so.

Plaintiff's complaint, which she filed in early May, states that she "is filing a Motion to Proceed under Pseudonym to accompany the filing of this Complaint." Compl., p.1 n.1. But the Superior Court docket indicates no such filing, much less an order allowing her to proceed pseudonymously.

Nor is there any basis for Plaintiff to proceed pseudonymously. Litigation by pseudonym is permitted only in "exceptional cases." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 70 (1st Cir. 2022). The First Circuit recently identified just four general categories of "exceptional" cases in which anonymity is warranted: (1) where a person reasonably fears unusually severe physical or

psychological harm; (2) where harm would come to innocent non-parties, (3) where "anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated," which typically arises in cases involving "sexual activities, reproductive rights, bodily autonomy, medical concerns, and abuse of minors"; and (4) cases that are "bound up with a prior proceeding made confidential by law," such as one involving juvenile records or a family court adjudication. *Id.* at 71. No such circumstances are present in this case.

Moreover, Plaintiff's complaint "incorporates by reference" the complaints she previously filed in the Massachusetts Commission Against Discrimination ("MCAD") and the U.S. Department of Labor ("DOL"), Compl. ¶ 6 – both of which she brought in her own name. That alone defeats any attempt to litigate this case using a pseudonym. *See Doe v. Bell Atlantic Business Systems Services, Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995) ("[B]cause plaintiff's true identity was revealed in administrative proceedings [before the Equal Employment Opportunity Commission and the MCAD], the request for anonymity is effectively moot.").

The complaint should be dismissed on this basis alone.

## II.     The Complaint Fails to Comply with Rules 8 and 10(b).

Rule 8(a)(2) requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, while Rule 8(d)(1) requires that each allegation be simple, concise, and direct. The complaint here violates both of those rules.

The complaint fails to include any specific factual allegations. Plaintiff instead "incorporates by reference" two lengthy administrative pleadings, one filed with the MCAD, which is thirty-three single-spaced pages long, and the other filed with the DOL, which is eleven single-spaced pages long.[1] *See* Compl. at ¶¶ 6-7. Plaintiff makes no effort to identify what

---

[1] Defendants have not submitted these pleadings as exhibits in support of their Motion to Dismiss because the documents identify Plaintiff by name and by virtue of other specific information throughout. Plaintiff seeks to

portions of those lengthy administrative pleadings pertain to any of her allegations in this case. Plaintiff's complaint thus "places an unjustified burden on the court and on the part[ies] who must respond to it."  *Belanger v. BNY Mellon Asset Mgmt., LLC*, 307 F.R.D. 55, 57-58 (D. Mass. 2015) (internal quotation marks omitted).  The resulting pleading is neither a short and plain statement of Plaintiff's claim, nor does it contain allegations that are simple, concise, or direct.

This purported "incorporation by reference" also violates Rule 10(b), as it results in a complaint that fails to include separately "numbered paragraphs, each limited as practicable to a single set of circumstances."  *Negron v. Turco*, 253 F. Supp. 3d 361, 364 (D. Mass. 2017) (internal quotation marks omitted).  Instead, paragraphs 6 and 7 of the complaint each incorporate by reference numerous pages of single-spaced text.

The Court should dismiss Plaintiff's complaint, just as other courts have done with similar complaints that violate these basic pleading rules.  *See, e.g., Kuehl v. F.D.I.C.*, 8 F.3d 905, 906 (1st Cir. 1993) (affirming district court's dismissal of complaint for violating Rule 8); *Belanger*, 307 F.R.D. at 58 (dismissing complaint for violating Rule 8).

**III.   Count Seven of the Complaint Fails to Comply with Rule 9(b).**

Count Seven of the complaint purports to state a claim of fraudulent inducement but it violates Rule 9(b)'s requirement to "state with particularity the circumstances constituting fraud."  A complaint alleging fraud "must specify what the underlying misrepresentation was, who made it, and when and where it was made."  *Katz v. Belveron Real Est. Partners, LLC*, 28 F.4th 300, 308 (1st Cir. 2022) (internal quotation marks omitted).  Instead of doing that, the complaint in this case alleges in conclusory fashion that Roe fraudulently induced plaintiff to

---

proceed in this matter pseudonymously.  Although Plaintiff should not be permitted to do so, for the reasons stated above, Defendants have refrained from naming her in any filings with this Court until that issue is decided.  Defendants are willing to file the administrative pleadings under seal or take other such action to facilitate judicial review of those pleadings as this Court directs.

"join" MIT – without identifying any specific statement by Roe, along with when and where it was made. *See* Compl. at ¶¶ 28-31.

Nor does incorporating her administrative pleadings by reference cure these deficiencies. Neither offers any insight into what specific misrepresentations Plaintiff intends to reference in support of her fraudulent inducement claim, or when those misrepresentations were made, or by whom they were made. *Katz*, 28 F.4th at 308.

### IV. The Complaint Should Be Dismissed as to MIT for Insufficient Process.

The summons plaintiff delivered to MIT along with her complaint in this case was a summons belonging to another case entirely, in which the defendant is not MIT but the "Massachusetts Institute of Technology Federal Credit Union," an entity that is not a defendant in this action. A copy of the summons is attached as Exhibit A.[2]

Because plaintiff has failed to make proper service pursuant to Rule 4, her complaint as to MIT is subject to dismissal pursuant to Rule 12(b)(4). *Gonzalez v. Temple Mountain Ski Resort, Inc.*, 613 F. Supp. 354, 355 (D. Mass. 1985). Moreover, to the extent that state law applies to MIT's motion to dismiss on Rule 12(b)(4) grounds because service was not perfected prior to removal from state court, the result is the same. Rule 4(b) of the Massachusetts Rules of Civil Procedure contains a summons requirement identical to Fed. R. Civ. P. 4(a)(1)(B).

### Conclusion

The Court should enter an order dismissing the Complaint.

---

[2] For the reasons described in note 1, Plaintiff's name and address have been redacted from Exhibit A until the Court decides whether to permit her to proceed under a pseudonym.

August 30, 2023                          MASSACHUSETTS INSTITUTE OF
                                         TECHNOLOGY and JOHN ROE,

                                         */s/ Daryl J. Lapp*
                                         Daryl J. Lapp, BBO# 554980
                                         daryl.lapp@lockelord.com
                                         LOCKE LORD, LLP
                                         111 Huntington Avenue, 9th Floor
                                         Boston, Massachusetts  02199
                                         617.239.0174

**CERTIFICATE OF SERVICE**

On August 30, 2023, I caused a copy of the foregoing document to be served upon the plaintiff Jane Roe by electronic mail.

                                         /s/ *Daryl J. Lapp*
                                         Daryl J. Lapp

134383487v.4