UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE (a pseudonym),<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN ROE (a pseudonym), and<br>MASSACHUSETTS INSTITUTE OF<br>TECHNOLOGY,<br><br>  Defendants | Civil Action No.: 1:23-cv-11935-JCB |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

Defendants Massachusetts Institute of Technology ("MIT") and John Roe submit this memorandum in support of their motion to dismiss Plaintiff's First Amended Complaint. The Complaint should be dismissed because it fails to name all parties, including Plaintiff, in violation of Fed. R. Civ. P. 10(a). Plaintiff purports to bring this case under the pseudonym "Jane Doe," but without seeking leave to do so and without any basis for doing so.

### Background

Plaintiff was an independent contractor and later an employee at MIT. She worked in a laboratory led by "John Roe," also a pseudonym. Plaintiff and Roe also co-founded a software company.

Plaintiff filed her original complaint in the Superior Court for Suffolk County on May 5, 2023, alleging unlawful discrimination in connection with her employment at MIT, violations of the Mass. wage and hour laws, and various common law claims against MIT and Roe. Dkt. 6 at 4-11. The complaint said Plaintiff was "filing a Motion to Proceed under Pseudonym to accompany the filing of this Complaint," *id*. at 4 n.1, but the Superior Court docket shows no such filing. *Id*. at 3.

The defendants removed the case to this Court on August 23, 2023.  Dkt. 1.

On August 30, 2023, MIT and Roe moved to dismiss the original complaint, citing among other grounds the plaintiff's violation of Rule 10(a).  Dkt. 7.  MIT and Roe noted in their supporting memorandum that Plaintiff had not sought, and had no basis to seek, leave to proceed pseudonymously.  Dkt. 8 at 1-2.

On September 19, 2023, plaintiff filed an assented-to motion to extend by 30 days, to October 20, 2023, her deadline to oppose the motion to dismiss.  Dkt. 12.  The Court allowed the motion, stating there would be no further extensions.  Dkt. 14.

Plaintiff did not oppose the motion to dismiss.  Instead, on November 3, 2023, she filed a First Amended Complaint, which alleges that MIT and/or Roe discriminated against Plaintiff in her employment at MIT on the basis of sex and disability, retaliated against Plaintiff for complaining about discrimination, misclassified Plaintiff as an independent contractor, and failed timely to pay Plaintiff's wages.  Dkt. 15, Counts One through Fifteen.  The First Amended Complaint also purports to assert derivative claims on behalf of the software company that Plaintiff and Roe co-founded for breach of fiduciary duty and violation of Chapter 93A.  *Id.*, Counts Sixteen and Seventeen.[1]

The First Amended Complaint states that Plaintiff "respectfully intends to seek leave to file a Motion to Proceed under Pseudonym with the filing of this Complaint."  *Id*. at 1 n.1.  No such motion has been filed.

### Argument

The First Amended Complaint violates Federal Rule of Civil Procedure 10(a), which requires a complaint to "name all the parties."  Nor is there any basis for Plaintiff to proceed

---

[1] This amended pleading is dated October 20, 2023, and states that it was served that same day by first-class mail, but counsel for MIT and Roe received the document only through the ECF system on November 6, 2023.

pseudonymously.  Litigation by pseudonym is permitted only in "exceptional cases," *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 70 (1st Cir. 2022), which are not present here.

The First Circuit recently has identified four general categories of "exceptional" cases in which anonymity generally is warranted:  (1) where a person reasonably fears unusually severe physical or psychological harm; (2) where harm would come to innocent non-parties; (3) where "anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated," which typically arises in cases involving "sexual activities, reproductive rights, bodily autonomy, medical concerns, and abuse of minors"; and (4) cases that are "bound up with a prior proceeding made confidential by law," such as one involving juvenile records or a family court adjudication.  *Id.* at 71.

No such circumstances are present in this case.  Nor do any other "exceptional circumstances" exist in this case, which would warrant leave to proceed pseudonymously.  To the contrary, Plaintiff's complaint asserts employment discrimination, retaliation, and other claims of the sort that plaintiffs routinely and appropriately litigate in their own names.

Moreover, Plaintiff's complaint specifically references, and is based in part upon, complaints she previously filed in the Massachusetts Commission Against Discrimination ("MCAD") and the U.S. Department of Labor ("DOL"), Dkt. 15, ¶ 85, both of which she brought in her own name.  That alone defeats any attempt to litigate this case using a pseudonym.  *See Doe v. Bell Atlantic Business Systems Services, Inc.*, 162 F.R.D. 418, 422 (D. Mass. 1995) ("[B]cause plaintiff's true identity was revealed in administrative proceedings [before the EEOC and MCAD], the request for anonymity is effectively moot.").

Defendants have not submitted these administrative complaints as exhibits in support of their motion because the documents identify Plaintiff by name and by virtue of other specific

information throughout both complaints.  Although Plaintiff should not be permitted to proceed pseudonymously, Defendants have refrained from naming her in any filings with this Court until that issue is decided.  Defendants are willing to file the administrative pleadings under seal or take other such action to facilitate judicial review of those pleadings as this Court directs.

## Conclusion

For the foregoing reasons, the Court should enter an order dismissing the Complaint.

MASSACHUSETTS INSTITUTE OF TECHNOLOGY and JOHN ROE,

*/s/ Daryl J. Lapp*
Daryl J. Lapp, BBO# 554980
   daryl.lapp@lockelord.com
Margaret Brown, BBO# 712003
   margaret.brown@lockelord.com
LOCKE LORD, LLP
111 Huntington Avenue, 9th Floor
Boston, Massachusetts  02199
617.239.0100

November 20, 2023

## Certificate of Service

On November 20, 2023, I caused a copy of the foregoing document to be served upon the plaintiff by first-class mail.

*/s/ Daryl J. Lapp*
Daryl J. Lapp

4