UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE (pseudonym),<br><br>      Plaintiff,<br>v.<br><br>JOHN ROE (a pseudonym),<br>MASSACHUSETTS INSTITUTE OF<br>TECHNOLOGY,<br><br>      Defendants. | Civil Action No.: 1:23-cv-11935-JCB |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

**Argument 1. Using a pseudonym does not automatically lead to dismissal in the First Circuit.** The Defendants seek dismissal of the First Amended Complaint on the grounds that the Plaintiff used pseudonyms, allegedly violating Federal Rule of Civil Procedure 10(a), which requires naming all parties. However, the First Circuit has suggested that the term 'name' in Rule 10(a) might not exclusively refer to a party's legal name, thereby allowing the use of pseudonyms ("it is less than obvious that a party's 'name' in the context of [Rule 10(a)] means his true name, to the exclusion of a pseudonym." *Doe v. Mass. Inst. of Tech.*, 46 F. 4th 61, 2022 WL 3646028 at 7 (1st Cir. Aug. 24, 2022)). It has indicated that, if the Civil Rules were interpreted to strictly require parties' legal names, it would contradict the courts' practice of treating this requirement as a "rebuttable presumption." *Id.*

**Argument 2. In the First Circuit, litigants can file a Motion to Proceed Under Pseudonym.** The *Doe v. Mass. Inst. of Tech.* decision provides clarity on the use of pseudonyms in federal civil suits by establishing a four-factor standard for evaluating such motions. This

standard offers guidance on when and how pseudonyms may be appropriately used in legal proceedings and identifies a Motion to Proceed Under Pseudonym as the appropriate mechanism.

**Argument 3. The Plaintiff deferred filing a Motion to Proceed Under Pseudonym to first seek agreement from the Defendants, an approach aligned with efficient resolution and not meriting dismissal.** After the case's transfer from state to federal court, where pseudonyms were initially used, Plaintiff, then without legal representation, found no immediate filing requirement for such motions in the Federal or Local Rules. In compliance with Local Rule 7.1, which promotes pre-motion discussions, and informed by comparable cases with unopposed pseudonym motions,[1] Plaintiff pursued collaborative negotiations with Defendants, acknowledging shared privacy interests.

Despite these efforts, Defendants filed their Motion to Dismiss soon after the last telephonic discussion, leaving certain issues unresolved. The sanction of dismissal should "ordinarily should be employed ... only when a plaintiff's misconduct is extreme." *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir.2003). In this case, the Plaintiff's conduct, aimed at a rule-compliant and efficient resolution, does not meet this threshold of extremity. Therefore, dismissal is not justified.

**Argument 4. Plaintiff's forthcoming motion to proceed under pseudonym is reasonably likely to succeed.** Defendants argued that this case is not one of the 'exceptional' cases in which anonymity generally is warranted. Plaintiff expects to elaborate on the basis for "exceptional" privacy interests under the first three factors in her forthcoming Motion to Proceed Under Pseudonym, which is set forth as the appropriate motion for such an analysis in *Doe v. Mass. Inst. of Tech.* For example, certain topics in the First Amended Complaint may draw

---

[1] E.g., Doe v. Clark University (4:15-cv-40113) and Doe v. Brandeis University (1:20-cv-11021).

widespread media attention, similar to previous reporting on MIT-related issues, thus amplifying safety concerns for Plaintiff and a third party in a related case.

Regarding Defendants' reliance on *Doe v. Bell Atlantic Business Systems Services, Inc.*, a motion to proceed under pseudonym is the proper document according to *Doe v. Mass. Inst. of Tech.* for Plaintiff to clarify, *inter alia*, how the reasoning in that case has been questioned and effectively abandoned in subsequent rulings. Notably, the administrative complaints at issue do not appear on a public docket, and public disclosures are limited under privacy statutes, in such a way that is consistent with the use of pseudonyms in court.

**Argument 5. Defendants' offer to file administrative pleadings under seal does not fully protect student privacy rights under FERPA.** Per 34 C.F.R. §99.31(a)(9)(iii)(B), disclosures involving students often require their consent, particularly for sensitive information. This aspect underscores the necessity of upholding student privacy and supports the argument against dismissing the case. Instead, it favors a detailed review within the context of a Motion to Proceed Under Pseudonym, where these privacy concerns can be properly addressed.

## Conclusion

For the foregoing reasons, the Court should enter an order denying Defendants' Motion to Dismiss and, instead, consider allowing Plaintiff's forthcoming Motion to Proceed under Pseudonym.

Respectfully submitted,

Dated: December 15, 2023

JANE DOE

/s/ Jane Doe

Jane Doe
(617) 826-9435
411 Walnut Street # 21341
Green Cove Springs, FL 32043-3443

23cv11935jcb@proton.me

## LOCAL RULE 7.1 (A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), I hereby certify that I have conferred via telephone and email with Daryl Lapp, Counsel for Defendants, regarding this motion and did not reach a full consensus about the use of pseudonyms in this case.

/s/ Jane Doe
Jane Doe

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed in person with the Clerk of the Court on December 15, 2023, will be served by hand-delivery to Defendants' counsel's law firm on December 15, 2023, with an additional copy sent by email.

/s/ Jane Doe
Jane Doe