FILED
IN CLERKS OFFICE

2025 APR -9  PM 4: 13

U.S. DISTRICT COURT
DISTRICT OF MASS.

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE (pseudonym),<br><br>  Plaintiff,<br>v.<br><br>JOHN ROE (a pseudonym),<br>MASSACHUSETTS INSTITUTE OF<br>TECHNOLOGY,<br><br>  Defendants. | Civil Action No.: 1:23-cv-11935-WGY |

<u>**JANE DOE'S MOTION FOR RELIEF FROM JUDGMENT AND PROPOSED INTERVENOR JOHN DOE'S MOTION TO INTERVENE AND, IF GRANTED, FOR SIMILAR RELIEF (FED. R. CIV. P. 24(a)-(b), 60(a)-(c))**</u>

**I. Introduction and Basis for Relief**

John Doe and Jane Doe move for the same relief pursuant to Fed. R. Civ. P. 60(a)-(b). John Doe, proceeding pro se, moves to intervene as the pseudonymous plaintiff in *Doe v. Massachusetts Institute of Technology*, No. 1:23-cv-11490 (D. Mass.) and First Circuit Case No. 24-1888. John Doe seeks to intervene to file motions for relief from this Court's decisions issued orally on March 13, 2024. Jane Doe independently moves for relief from these same decisions. The denial of a pseudonym to Jane Doe is appealable under the collateral order doctrine, as held by the First Circuit in *Doe v. Massachusetts Institute of Technology*, 46 F.4th 61, 67 (1st Cir. 2022), and therefore relief under Rule 60 is properly available.

1

## II. John Doe's Motion to Intervene Under Fed. R. Civ. P. 24(a) Is Merited

To intervene as of right, a movant must establish: (1) timely application; (2) a significant protectable interest in the pending litigation; (3) impairment of the interest if intervention is denied; and (4) inadequate representation by existing parties. *Negrón-Almeda v. Santiago*, 528 F.3d 15, 22 (1st Cir. 2008); *T-Mobile Northeast LLC v. Town of Barnstable*, 969 F.3d 33, 38 (1st Cir. 2020).

**Timeliness.** This application is timely because John Doe's motion to intervene is occurring contemporaneously with Jane Doe's own post-judgment motions and appeals of the same decision John Doe challenges.

**Significant Protectable Interest.** Doe has significant interests in this litigation, including preventing his identity from being revealed as a consequence of revealing Jane Doe's or John Roe's true names. He has a legitimate interest in preserving his right to proceed pseudonymously in his own case and ensuring consideration of his case under the applicable legal standards described in *Doe v. Massachusetts Institute of Technology*, 46 F.4th 61 (1st Cir. 2022). Doe furthermore has interests in protection from retaliation by MIT and/or its agents as defined under Title IX, and in preserving the privacy rights of third parties who are potential witnesses and co-plaintiffs in his related litigation.

**Impairment if Intervention is Denied.** Without intervention, John Doe cannot protect his interests in maintaining his pseudonymity in related litigation. He would be unable to advocate for having his case properly related to Jane Doe's for consistent adjudication, and would lose the opportunity to protect witness privacy through appropriate pseudonymization that impacts his own proceedings.

**Inadequate Representation by Existing Parties.** Jane Doe, proceeding pro se, has been unable to effectively advocate for John Doe's distinct interests as evidenced by the outcomes in both this Court and the appellate court. The record does not indicate that John Doe's specific interests have been properly considered in either forum despite Jane Doe's efforts.

### III. John Doe's Motion to Intervene Under Fed. R. Civ. P. 24(b) Is Also Merited

Permissive intervention requires: (1) timely application; (2) claims or defenses sharing common questions of law or fact with the main action; and (3) no undue delay or prejudice to original parties. *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999).

**Common Questions of Law and Fact.** Common questions exist because John Doe and Jane Doe were employed in the same MIT laboratory at the same time, such that the factual allegations in John Doe's action substantially overlap with Jane Doe's. Both plaintiffs seek injunctive relief for allegedly systemic misconduct at MIT, which not only permits but may require the joinder of parties and actions. The legal arguments concerning MIT's litigation conduct appear in both proceedings, including MIT's novel use of Rule 10(a) motions to dismiss in the pseudonymity context and alleged errors of fact and law introduced into both proceedings. Arguments that MIT failed to properly advocate for and protect student privacy as required by FERPA support similar legal and factual analyses in both proceedings.

**No Prejudice to Original Parties.** Intervention will not prejudice the original parties as John Doe's interests are similar to Plaintiff Jane Doe's. While contrary to Defendant's interests, the timing of John Doe's exercise of his rights as an intervenor closely overlaps with that of Jane Doe regarding similar issues, resulting in minimal additional burden on the proceedings.

## IV. Relief From the March 13, 2024 Oral Orders Is Merited Under Rule 60

### A. Relief Under Rule 60(a) - Clerical Mistakes

To the extent the Court's orders contain clerical mistakes or errors arising from oversight or omission, correction is appropriate under Rule 60(a).

### B. Relief Under Rule 60(b)(1) - Mistake, Inadvertence, Surprise

**Surprise.** Jane Doe was reasonably surprised that pseudonymity would be decided at the Motion to Dismiss hearing, as reflected in the transcript. She expected a decision as to the procedural vehicle to be used instead, and expected a Rule 10(a) motion to dismiss to be reviewed under a different legal standard. The unusual context of MIT's novel use of a Rule 10(a) motion to dismiss during pseudonymity proceedings, with essentially no precedent in this Circuit, supports a conclusion that Jane Doe was reasonably surprised. MIT's unusual decision to remove a case that is pseudonymous in state court to federal court, immediately arguing the pseudonym violates the federal rules, has little to no precedent and further supports a conclusion of procedural surprise warranting reconsideration.

**Inadvertence.** Prior to the March 13, 2024 hearing, Jane Doe communicated regarding a continuance and family illness directly through the clerk. These communications were not docketed and may have inadvertently influenced the district court's analysis.

**Mistake of Law.** Following the Supreme Court's decision in *Kemp v. United States*, 142 S. Ct. 1856 (2022), a District Court's mistaken point of law supports relief under Rule 60. Such mistakes in these proceedings include the assertion of the wrong standard for relatedness of district court proceedings, error in determining that Plaintiff caused delay rather than Defendants

4

being in default for not filing their answer, and mistaken conclusion that precedent requires Plaintiff to file a Motion to Proceed under pseudonym after a pseudonymous case was removed from State Court. Additional legal errors include applying incorrect standards for deciding Rule 10(a) motions to dismiss, misapplying FERPA standards for assessing student privacy rights, failing to apply Title IX non-retaliation requirements, and not properly considering the framework established in *Doe v. Massachusetts Institute of Technology*, 46 F.4th 61 (1st Cir. 2022).

**Mistake of Fact.** Factual errors include mistakes regarding Jane Doe's residence in Massachusetts as stated as a basis for the District Court's oral decision, incorrect assumptions about whether Jane Doe or others would be protected from harm by the ordered relief, errors concerning the absence of allegations involving students in the FAC, misunderstandings about whether administrative proceedings were publicly available, and incorrect conclusions about whether MIT's defense counsel had notice of the basis for pseudonymity.

### C. Relief Under Rule 60(b)(2) - Newly Discovered Evidence

New evidence supporting reconsideration includes John Doe's ongoing exercise of appellate rights regarding pseudonymity up to the present date. It also includes communications between MIT's counsel and Jane Doe reflecting Jane Doe's efforts to coordinate pseudonymity procedures, which was not known to John Doe until long after the proceedings. Similarly, documentation of Jane Doe's attempts to secure a continuance due to family illness occurring off the docket, through the Court, constitutes newly discovered evidence that could not have been presented earlier.

5

## D. Relief Under Rule 60(b)(3) - Fraud, Misrepresentation, or Misconduct

Defendants' conduct warrants relief because removing a pseudonymous case from state court and immediately arguing for dismissal based on federal rules resembles what has been termed "fraudulent removal" in legal literature. The numerous factual errors introduced into both the Jane Doe and John Doe district court proceedings can be considered in their totality to conclude that defense counsel violated its investigatory obligations. Failure to designate proceedings as related in similar factual circumstances has been the basis for sanctions in the First Circuit. Litigation conduct potentially constitutes retaliation prohibited by Title IX when unmasking of complainants' privacy is used to intimidate or deter them from exercising their rights. The record shows multiple types of disclosures without proper consent.

This motion is made within a reasonable time as required by Rule 60(c), as it is prompted by recently concluded appellate proceedings and filed as expeditiously as possible by pro se litigants to preserve jurisdictional rights.

Respectfully submitted,

/s/ John Doe

John Doe, seeking Intervention pro se

John Doe

26 New Derby St #301
Salem, MA 01970
john.doe.cv11490@gmail.com


/s/ Jane Doe   pp Jane Doe

Jane Doe, Pro Se Plaintiff


411 Walnut St.
Green Cove Springs, FL 32043-3443
jane.doe.cv11935@gmail.com
(617) 798-0945


Dated: April 2, 2025

7