# United States Court of Appeals
## For the First Circuit

---

No. 25-1465

JANE DOE, (a pseudonym),

Plaintiff - Appellant,

v.

JOHN ROE, (a pseudonym); MASSACHUSETTS INSTITUTE OF TECHNOLOGY,

Defendants - Appellees.

---------------

JOHN DOE, (a pseudonym),

Interested Party - Appellant.

---

Before

Barron, <u>Chief Judge</u>,
Gelpí and Aframe, <u>Circuit Judges</u>.

---

**JUDGMENT**

Entered: March 23, 2026

Defendants-appellees Massachusetts Institute of Technology and John Roe ("Appellees") move for summary disposition of this appeal brought by *pro se* plaintiff-appellant Jane Doe ("Jane") and proposed intervenor *pro se* John Doe ("John") from the denial of Jane's Rule 60 motion for relief and John's Rule 24 motion to intervene in Jane's case.

On March 13, 2024, the district court orally ordered Jane to file an amended complaint in her own name within 30 days, but since she failed to do so, the court dismissed her case on April 25, 2024. D.Ct. Dkt. 36. Jane filed a late notice of appeal on September 9, 2024, and this court issued an order to show cause why her appeal should not be dismissed as untimely. Determining that the collateral order doctrine applied to the order directing Jane to proceed in her own name, see Doe v. Mass. Inst. of Tech., 46 F.4th 61 (1st Cir. 2022), this court found that Jane failed to file

a timely notice of appeal, and therefore, dismissed the case pursuant to Fed. R. App. P. 4(a)(1)(A) on February 10, 2025.

On April 2, 2025, Jane returned to the district court to file a motion pursuant to Fed. R. Civ. P. 60 for relief from the district court's order to amend her complaint. D.Ct. Dkt. 47. In this same motion, John sought to intervene in Jane's case pursuant to Fed. R. Civ. P. 24. Id. On April 10, 2025, the court denied Jane's Rule 60 motion, concluding "that no relief is warranted," and denied John's motion to intervene because "there is no live case into which he may intervene." 4/10/25 elec. Order, D.Ct. Dkt. 49. Jane and John appealed. D.Ct. Dkt. 51.

Appellees seek summary dismissal of the appeal, on the following grounds: (1) Jane's Rule 60 motion was untimely; (2) Jane's Rule 60 motion was an impermissible attempt to circumvent the dismissal of her earlier appeal, which this court dismissed as untimely; (3) Jane's appeal fails to present a substantial question for this court's review; and (4) the district court correctly ruled that since Jane's case was dismissed, there was no pending case into which John could intervene. Since Appellants failed to file their opening brief after being granted two extensions by this court, Appellees also moved to dismiss twice. Appellants filed an opposition to Appellees' renewed motion to dismiss that did not address the reasons for the district court's dismissal of the case but promised that they would hand-deliver to this court their brief and appendix on November 25, 2025.

To date, Appellants have not filed their brief and appendix nor sought another extension and therefore, the appeal could be dismissed for lack of diligent prosecution. See Withers v. McConnell, No. 23-1847, 2024 WL 1619550 (1st Cir. Jan. 2, 2024) (unpublished); Caldwell v. Mushegian, No. 24-1270, 2024 WL 4338344 (1st Cir. Aug. 9, 2024) (unpublished).

In any event, after careful review of the record and the parties' arguments, we conclude that the district court did not abuse its discretion in denying Jane and John's motions. See U-Nest Holdings, Inc. v. Ascensus Coll. Sav. Recordkeeping Services, LLC, 82 F.4th 61, 63 (1st Cir. 2023) (Rule 60 motion); Victim Rights Law Ctr. v. Rosenfelt, 988 F.3d 556, 559 (1st Cir. 2021) (Rule 24 motion).

Therefore, Appellees' motion for summary disposition is allowed. To the extent not mooted by the foregoing, all outstanding motions are denied.

AFFIRMED. See 1st Cir. R. 27.0(c).

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Jane Doe, Barbara A. Robb, Daryl J. Lapp, Patrick J. Hannon, Nathalie Vega Orlandini, John Doe